## 55508. LEE v. THE STATE.

Deen, Presiding Judge.

Oscar E. Lee was indicted, tried and convicted of armed robbery and sentenced to 20 years in a state penitentiary.

The state's evidence showed that on November 16, 1976, two men armed with a revolver robbed a Kay Jewelers store at Columbia Mall in DeKalb County. They took ninety-five dollars in cash and approximately forty thousand dollars worth of diamond rings. A police investigation determined that the men escaped in a 1965 Ford automobile bearing a Colorado license tag and driven by a black woman. On December 6, 1976, a DeKalb County police officer stopped a vehicle matching the description of the car involved in the robbery and occupied by a black man, who matched the description of one of the robbers, and a black woman. Acting upon information given by the couple, the officer wrote an affidavit, appeared before a county magistrate, and obtained a search warrant for defendant's home. The officer testified that before he appeared before the magistrate, defendant was arrested, confessed, and offered to show the officers where his accomplice lived. The affidavit, however, was not amended to reveal defendant's confession. After the warrant was obtained, it was executed. Among the various items seized from defendant's home was a Kay Jewelers box containing a pair of diamond earrings and a photograph of a Negro male's hand with two large diamond rings on it.

1. In his first enumeration of error, defendant contends that the trial court erred in denying his motion to suppress evidence seized pursuant to the search warrant and allowing the seized property to be admitted into evidence at trial.

Although there was much testimony concerning the sufficiency of the affidavit during the hearing on defendant's motion, and it was marked "State's Exhibit 1," it was not introduced into evidence. Apparently it was never filed, because it is not included as part of the record on appeal. However, in view of the extensive discussion of the contents of the affidavit and the fact that the trial

court obviously relied upon it in making its ruling, we have obtained a copy of it. The affidavit sets forth the facts leading to the stop of the vehicle by the officers and indicates that the driver was arrested for armed robbery and the woman was arrested for violation of the Georgia Controlled Substances Act. The crucial portion of the affidavit reads: "Upon questioning at the police department, both subjects advised in separate interviews that the vehicle in which they were riding belonged to a subject they were currently staying with named Buck Lee. They further advised that he was almost the exact same height, weight and age as the Brandy subject. They further advised that he was frequently in the company of another negro male known as 'Chicken Hawk.' . . . Mary Peavy advised that she had overheard both 'Lee' and 'Chicken Hawk' talking and laughing about a jewelry store robbery in which they put the goods in a shopping bag. She was told by the wife of Buck Lee, 'Gloria' that Buck Lee and Chicken Hawk had robbed a jewelry store at a mall type shopping center. She saw a photograph in the living room of Buck Lee's house that showed a negro male's hand with two large diamond rings on it. Ms. Peavy also heard from several persons that both Lee and Chicken Hawk had recently been attempting to sell diamond rings at a lounge, the Silver Fox, on Campbelton Road." The magistrate did not testify as to his finding of probable cause for issuing the warrant and the officer was unable to remember any part of the hearing, and admitted that there was nothing so far as the vehicle and tag to indicate that defendant had any connection with it.

The affidavit is silent as to the reason the officer believed any of the information given by Ms. Peavy and Mr. Brandy. Although the affidavit does show how the informer obtained the information, it does not appear to be any more than "casual rumor circulating in the underworld." Spinelli v. United States, 393 U. S. 410, 416 (89 SC 584 21 LE2d 637), and there is no "substantial basis for crediting the hearsay." *Johnston v. State,* 227 Ga. 387, 389 (181 SE2d 42) (1976). "The burden of proof is upon the state to show what facts constituting probable cause existed and were presented to the magistrate *before* the warrant was issued. [Cits.]." *Bell v. State,* 128 Ga.

App. 426, 428 (196 SE2d 894) (1973). As the officer cannot remember any part of the hearing and there is no reference in the affidavit to defendant's alleged confession, we find no evidence from which to conclude that the confession was the basis for the magistrate's finding of probable cause. Even if the affidavit had been introduced in evidence at the hearing on defendant's motion, it falls far short of meeting the requirements for issuing a search warrant. The trial court, therefore, erred in failing to grant defendant's motion to suppress.

2. Defendant also urges error in the trial court's failure to order the suppression of defendant's confession after a lengthy Jackson v. Denno hearing. He testified that the arresting officer beat him in order to make him sign a statement, and introduced photographs of his alleged injuries which were taken three or four days after his arrest, and medical records of treatment received while he was in jail. The officer denied that the defendant had been beaten in order to make him sign a statement. The trial court ruled: "It is a question for the jury to determine as to whether or not it was voluntarily made and it is an issue they must decide, because it is a dispute of facts as to what the officer testified and what the defendant testified to. . . ." This ruling is clearly erroneous; the trial court must rule upon the voluntariness of a confession after a Jackson v. Denno hearing. "It is now axiomatic that the defendant has the right to a hearing outside the presence of the jury on the question of the voluntariness of any in-custody statements or confessions that he has made. Jackson v. Denno, 378 U. S. 368 (1964); Schneider v. State, 130 Ga. App. 3 (202 SE2d 238) (1973). At such a hearing, the state must prove voluntariness by a preponderance of the evidence (Lego v. Twomey, 404 U. S. 477 (1971); High v. State, 233 Ga. 153 (210 SE2d 673) (1974)), and in order to make this determination, the judge must consider the 'totality of the circumstances' surrounding the statement (Clewis v. Texas, 386 U. S. 707, supra; Pierce v. State, 235 Ga. 237 (219 SE2d 158) (1975)). It is not merely an inquiry based solely on Miranda, although the presence of these warnings is significant in deciding the voluntariness question. The defendant has the right *to have a fair hearing and a reliable*

*determination* on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession. Rogers v. Richmond [365 U. S. 534 (1969)].' Jackson v. Denno, supra, p. 377. (Emphasis supplied.)" *Pierce v. State,* 238 Ga. 126, 128 (231 SE2d 744) (1977); *Porter v. State,* 138 Ga. App. 640 (277 SE2d 284) (1977).

As this case contains reversible error, it is not necessary for this court to rule upon defendant's remaining enumeration of error.

*Judgment reversed and remanded for new trial. Smith and Banke, JJ., concur.*

ARGUED MARCH 2, 1978 — DECIDED MARCH 17, 1978.

*J. M. Grubbs, David S. Marotte,* for appellant.
*M. Randall Peek, District Attorney, David R. Rogers, Assistant District Attorney,* for appellee.