## 65055. STATON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of conspiracy to commit a crime, namely, criminal damage to property in the first degree. On appeal he contends (1) that the indictment was void because it omitted an essential element of conspiracy, to wit, an agreement; (2) that the trial court erred by failing to charge that "agreement" is an essential element of the crime of conspiracy; and (3) that the evidence is insufficient to support the verdict because there was no showing of a conspiracy to interfere with the operation of a public utility, no showing that appellant entered into an agreement to commit a substantive crime, and was based on circumstantial evidence which did not exclude every reasonable hypothesis save that of guilt of the accused.

Appellant was an employee of Georgia Power Company, whose employees were on strike. Appellant was at the scene of a picket line and told Craig Rhodes, another employee, that "we was wasting our time walking the picket line and we ought to do something to hurt Georgia Power Company, such as shooting the transformers." Rhodes said he didn't have a gun so Staton offered Rhodes the use of his (Staton's) gun. Rhodes then got a pistol from appellant's truck; Rhodes and Frankie Crowe departed in a vehicle and Rhodes fired two shots into a transformer. They returned to the picket line and Rhodes returned the pistol to Staton. Crowe then took Rhodes home; en route, they stopped and Rhodes shot two transformers with Crowe's rifle.

Appellant gave a sworn, written statement to an investigator with the Putnam County sheriff's office acknowledging the conversation about shooting transformers; appellant also gave his pistol to the investigator. In his statement appellant stated he got his gun and gave it to Rhodes; in his testimony at trial appellant denied giving the gun to Rhodes, and said his (appellant's) son told him Rhodes took the gun out of appellant's truck.

1. In regard to appellant's contention that the indictment is void, appellant did not challenge the sufficiency of the indictment at trial. "One who waives the right to be tried upon an indictment perfect in form and substance by failing to demur and takes his chances on an acquittal, will not be heard after conviction to urge defects in the indictment unless the defects are so great that the indictment is absolutely void. [Cits.] Every indictment . . . shall be deemed sufficiently technical and correct which states the offense in the terms of the Code or so plainly that the nature of the offense charged may be easily understood by the jury. Code § 27-701 . . ."

*Mealor v. State,* 135 Ga. App. 682, 683 (1) (218 SE2d 683) (1975); *Dotson v. State,* 160 Ga. App. 898, 899 (2) (288 SE2d 608) (1982). The indictment in this case is set forth in the terms of OCGA § 16-4-8 (Code Ann. § 26-3201) and the nature of the offense is clearly understandable. Hence the indictment is not void. Id.

2. Appellant contends the court erred by failing to charge the jury that "agreement" is the essential element of the crime of conspiracy. The trial court charged the jury in the exact language of OCGA § 16-4-8 (formerly Code Ann. § 26-3201). "In the absence of a request for a further charge, a charge substantially in the language of the Code is correct." *Sullens v. State,* 239 Ga. 766, 768 (5) (238 SE2d 864) (1977). Appellant made no request for a further charge and accordingly, this enumeration of error is without merit.

3. Appellant contends the evidence is not sufficient as a matter of law to support the verdict, arguing first that there was no showing of a conspiracy to interfere with the operation of a public utility. The indictment charged appellant with conspiracy to commit the crime of criminal damage to property in the first degree. OCGA § 16-7-22 (a)(2) (formerly Code Ann. § 26-1501 (b)) provides, in pertinent part: "A person commits the offense of criminal damage to property in the first degree when he . . . Knowingly and without authority and by force or violence interferes with the operation of any system of . . . power . . . or other public utility service or with any constituent property thereof." There was direct evidence that appellant stated to Rhodes that "we ought to do something to hurt Georgia Power Company, such as shooting the transformers." There was also evidence that transformers damaged by bullet holes would leak oil and become inoperable. Such evidence is sufficient to show that appellant wanted to interfere with the operation of a public utility. Such evidence is also sufficient to show that appellant conspired to commit a substantive crime, namely, criminal damage to property in the first degree in violation of OCGA § 16-7-22 (a)(2) (Code Ann. § 26-1501), supra.

Appellant's argument that the verdict is based on circumstantial evidence is without merit. As pointed out in the preceding paragraph, there was direct evidence that appellant wanted to do something to hurt Georgia Power Company. There was also direct evidence that Rhodes was offered the use of a gun by appellant and that Rhodes used it to shoot two transformers.

The weight of the evidence and credibility of witnesses are questions for the triers of fact, *Miller v. State,* 163 Ga. App. 889 (296 SE2d 182) (1982), and we find the evidence sufficient to support the verdict. We hold that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond

reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

Decided March 1, 1983.

*Ken Stula,* for appellant.

*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney,* for appellee.