## 67152. DOWDY v. THE STATE.

BANKE, Judge.

Carlton Larry Dowdy appeals his conviction of aggravated sodomy and pointing a pistol at another. *Held:*

1. Appellant enumerates as error the trial court's failure to afford him a special jury trial on the issue of his mental competence to assist his counsel. On the morning the trial commenced, Dowdy was absent. The defense counsel informed the trial court that Dowdy

"says he wants to go forward with the trial, but he also told me that the reason he hadn't come to court was that the coast wasn't clear, that people were waiting for him at the courthouse. Other than that, he seems fairly rational . . . so I don't know if he's flipping out on me to the point where, you know, I should file a special plea or claim he's not competent or what." The court proceeded with jury selection; and the trial court issued an arrest warrant for Dowdy, who was present for the remaining portions of the trial. Defense counsel at no time filed a special plea of insanity or mental incompetency to stand trial pursuant to OCGA § 17-7-130 (Code Ann. § 27-1502). We hold that, absent such a special plea, the trial court had no mandatory duty to impanel a special jury to determine that issue at this stage of the proceedings. See *Ricks v. State,* 240 Ga. 853 (1) (242 SE2d 604) (1978).

During the trial, the appellant testified that he had been discharged from the Marine Corps in 1970, following a determination that he was mentally disabled. A psychiatrist who had treated him for four years prior to the trial opined that Dowdy suffered from "paranoia (sic) schizophrenia"; however, at no time did this witness state that the appellant lacked mental competency to participate in his defense. The appellant testified on his own behalf, and the trial court had ample opportunity to observe his demeanor throughout the proceedings. We find that the trial court did not abuse its discretion in failing, sua sponte, to order a special hearing on mental competency on the basis of the testimony presented at trial. See *Norris v. State,* 250 Ga. 38 (2) (295 SE2d 321) (1982). See also *Ricks v. State,* supra. Compare *Baker v. State,* 250 Ga. 187 (1) (297 SE2d 9) (1982).

2. Appellant further contends that the trial court erred in failing to give a requested jury instruction on "delusional compulsion." See generally OCGA § 16-3-3 (Code Ann. § 26-703).

Dowdy admitted at trial that he was present in the apartment where the offenses allegedly occurred but contended that the female occupant admitted him voluntarily and consensually performed an act of oral sodomy upon him. He denied using a pistol to force the victim to perform the act, stating that he had pulled a pistol only after the woman's fiance entered the apartment, whereupon he left. At no time did Dowdy assert that he was under the influence of any delusion. To the contrary, he stated that he did not believe he was having any "paranoic-type episode" at the time.

The psychiatrist testified at length, stating that Dowdy had delusions that Communists were "out to get him" and that when he experienced such delusions, he was totally unable to recognize right from wrong. The doctor further testified, however, that when

appellant took his prescribed medication he did not suffer such delusions. At no time did the psychiatrist state an opinion that Dowdy was laboring under any delusion at the time of the offenses. We find no evidence to support a finding that appellant was acting under any delusion at the time of the instant offenses, and we consequently hold that the trial court did not err in refusing to instruct on delusional compulsion. See *Williams v. State,* 249 Ga. 839 (6) (295 SE2d 74) (1982).

3. Appellant enumerates as error the trial court's failure to grant his motion for mistrial after a detective testified as to a custodial statement which appellant made to him. The statement concerned a pistol seized during an inventory of a vehicle driven by appellant at the time of his arrest. The vehicle belonged to a friend, and the weapon was never introduced in evidence. The trial court sustained an objection to the statement and offered to instruct the court to disregard it; however, the defense counsel requested that the jury not be so instructed.

The proper corrective action to be taken on a motion for a mistrial is within the discretion of the trial court. See *Lee v. State,* 166 Ga. App. 644 (2) (305 SE 2d 175) (1983). Where counsel requests that no curative instruction be given to the jury, the trial court is not obliged to do so, and the denial of the motion for a mistrial is generally not an abuse of discretion. We find no abuse of discretion in this case. Accord *Jones v. State,* 166 Ga. App. 302 (304 SE2d 110) (1983).

4. Appellant contends that the trial court erred in admitting certain "mug shots" of him. Both victims had picked out appellant's photograph from a display of seven photographs shown to them at the police station. These exhibits were admitted to establish the appellant's identity as the assailant. Appellant contends that his identity was never an issue and that this evidence was in fact introduced for the sole purpose of showing that he had a criminal record.

The exhibits were described to the jury as photographs, not "mug shots," and no reference was ever made to the appellant's having a criminal record. It is well established that mugshot evidence of itself does not prejudice the defendant or place his character in issue. *Jones v. State,* 156 Ga. App. 56 (1) (274 SE2d 99) (1980). We find this enumerated error to be without merit.

5. Lastly, appellant contends that the trial court erred in giving the "Allen charge" to the jury. See Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

After initially deliberating about three hours one afternoon, the jury returned the next morning, deliberated until recessing for lunch,

and then resumed deliberations the following afternoon. The trial court interrupted this second afternoon session and inquired if the jury was making progress. The foreman responded that they agreed on one charge and were split 11-1 on the other, without disclosing which way. The trial court declined a request by the state that an Allen charge be given at that time and instead merely instructed the jury to deliberate further. A defense motion for mistrial was made and denied at this time. The Allen charge was given about an hour later. After further deliberations, the jury was again called in later that afternoon, at which time they reported that progress was being made and that further deliberations should be fruitful. A renewed motion for mistrial was denied at this time. Finally, at 7:10 p.m., the jury returned a verdict of guilty on both charges.

When the trial court is informed of a deadlock, the following are among the steps to be taken in deciding whether to order a mistrial or to require the jury to deliberate further: (1) polling the jurors or questioning them as a group to determine whether additional time would be helpful; (2) considering whether the jury is so exhausted that the free will of the minority might be overcome; (3) considering the length of the trial and the complexity of the case; and (4) considering the length of time the jury has deliberated. *Thornton v. State,* 145 Ga. App. 793 (245 SE2d 22) (1978). In the instant case, the trial court made relevant and appropriate inquiries of the jury, received assurances that further deliberations would probably be fruitful, insured that adequate creature comforts were provided the jurors, and gave them proper instructions. We find no abuse of discretion in the trial court's refusal to order a mistrial in lieu of requiring the jury to deliberate further.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 26, 1983 —
REHEARING DENIED NOVEMBER 23, 1983 —

*John Wright Jones, Randy J. Comins,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.