### 70033. AUSTIN v. THE STATE.
(329 SE2d 233)

BANKE, Chief Judge.

The appellant was convicted of the armed robbery of a convenience store clerk in McDonough, Georgia. At trial, he was positively identified by the clerk and by a customer who had been present in the store when the robbery took place. Both of these witnesses had previously identified the appellant from a pre-trial photographic lineup. The appellant's defense was alibi. *Held:*

1. The weight of the evidence and credibility of witnesses are questions for the jury. *Anthony v. State,* 169 Ga. App. 777 (315 SE2d 290) (1984). We find the evidence sufficient to support the conviction under the standard of proof set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant moved for a mistrial on the ground that the photographs used in the photographic lineup were viewed by the jury before they were admitted into evidence and on the ground that they constituted "mug shots." The objection that the photographs were seen by the jury before they were admitted into evidence establishes no ground for reversal in light of the subsequent admission of the photographs without objection. As for the use of "mug shots," "[i]t is well established that mug shot evidence of itself does not prejudice the defendant or place his character in issue." *Dowdy v. State,* 169 Ga. App. 14, 16 (311 SE2d 184) (1983). The exhibits in question were not in any way described to the jury as mug shots, nor was any reference made to the appellant's having a criminal record. Consequently, the trial court did not err in denying the motion for mistrial.

3. The appellant also moved for a mistrial based on a breach of the rule of sequestration which allegedly occurred when a detective

who had been allowed to remain in court to assist the state's attorney left the courtroom and spoke to one or more of the state's witnesses. "In criminal cases, the violation of the rule of sequestration by *any* witness either for the defense or for the prosecution goes to the credibility rather than to the admissibility of the witness' testimony." *Blanchard v. State*, 247 Ga. 415 (1) (276 SE2d 593) (1981). It follows that the trial court's denial of the motion was not error.

4. Finally, the appellant asserts that he was afforded inadequate representation by his counsel. Our review of the record and transcript convinces us that the appellant was afforded a vigorous and aggressive defense. The standard by which counsel is judged is "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974), citing *McKenna v. Ellis* 280 F2d 592 (5th Cir. 1960). This enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 7, 1985 —
REHEARING DENIED MARCH 22, 1985 —

*Lillian L. Neal*, for appellant.
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney*, for appellee.