71518. WILKERSON v. THE STATE.
(339 SE2d 747)

POPE, Judge.

Joe Wilkerson, Jr., a/k/a "Americus Joe," was convicted of the offense of selling cocaine. He was sentenced to serve five years in prison and ten years on probation. He now appeals.

1. The jury was authorized by the evidence to find that GBI Agents Denson and Mays were running an undercover operation in Albany seeking to discover and arrest drug sellers. In the course of their investigation, the agents made the acquaintance of appellant. Agent Denson testified that he had met appellant at least 15 times before the night of the drug sale for which he was convicted. Agent

Mays testified that he had met appellant at least 30 times before the night in question. Both agents testified that they met appellant at the Backstage Lounge on November 15, 1984. Agent Mays and appellant had a conversation in which appellant indicated that he could get Mays one-half gram of cocaine for $50. Mays gave appellant the money and watched as appellant went to the back of the club and disappeared from sight. Shortly thereafter appellant returned; he told Mays to go look on the top of a refrigerator in the back in a red basket in a piece of paper towel. Appellant watched as Mays went to the refrigerator. When Mays could not find the item described, appellant told him, "Well, look in the basket." Mays did and then found the substance later identified as cocaine. Agent Mays put the substance in a plastic bag. Mays put his initials on the paper towel. He then put it in his briefcase and the next day took the bag to the State Crime Lab in Moultrie for analysis. The substance was identified by the Crime Lab as cocaine. From this evidence we find that the verdict was authorized. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In two enumerations appellant complains that the State failed to adequately prove the chain of custody of the cocaine. The evidence shows that after Agent Mays turned over the substance to Director Howard, Howard in turn gave it to Susan Strickland for analysis. Strickland testified that the substance was kept in her work area which at all times was under supervision of a drug chemist during the day and which was locked at night. After analysis the sample was kept in a locked vault. The chain of custody thus proved was adequate. See *Lentile v. State*, 136 Ga. App. 611 (2) (222 SE2d 86) (1975). These enumerations are without merit.

3. Finally, appellant argues that the trial court erred in allowing the State to call Susan Strickland as a witness when her name had not been supplied to him pursuant to a demand made in accordance with OCGA § 17-7-110. The record shows that counsel for appellant made a motion in limine to exclude Strickland's testimony. The State countered that the omission of Strickland's name from the list had been inadvertent. The court asked counsel for appellant if he wanted time for that purpose. Counsel said he did want to interview her and did so. No ruling on the motion in limine was ever made, and counsel made no further objection to the testimony of Strickland. Since no objection was made nor any ruling invoked on the motion in limine, we have nothing to review. See *Keasler v. State*, 165 Ga. App. 561 (1) (301 SE2d 915) (1983).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JANUARY 7, 1986.

*Keith T. Dorough*, for appellant.
*Hobart M. Hind, District Attorney, L. Earl Jones, Nancy T. Smith, Assistant District Attorneys*, for appellee.