## 72505. FOWLER v. THE STATE.
(347 SE2d 322)

BANKE, Chief Judge.

Fowler appeals his conviction of vehicular homicide in the first degree, based on driving under the influence of alcohol.

At approximately 1:15 a.m. on the alleged date of the offense, two witnesses traveling in an automobile at the posted speed limit observed a Chevelle automobile following very closely behind them. After twice swerving into the passing lane in unsuccessful attempts to pass, the Chevelle finally passed them at a high rate of speed and disappeared into the distance. Seconds later, their vehicle approached the scene of an accident wherein the Chevelle had struck a tree.

There were three occupants of the Chevelle. The passenger in the

right front seat died shortly after the impact. Appellant, who was in the driver's seat, and the other occupant, who was in the back seat, were both severely injured but survived the collision.

A police officer summoned to the scene smelled the odor of alcohol on appellant's breath and followed the ambulance to the hospital, where he read the appellant his implied consent rights, although appellant was incoherent at the time. See *Strong v. State*, 231 Ga. 514 (202 SE2d 428) (1973); *Long v. State*, 176 Ga. App. 89 (1) (335 SE2d 587) (1985). A blood sample drawn from appellant 1-1/2 hours after the accident occurred showed his blood-alcohol content to be .10 percent. *Held*:

1. Because the blood sample was not drawn until 1-1/2 hours after the impact, appellant claims that it was not proven that he was intoxicated at the time of impact.

The evidence demonstrated that appellant was driving at an excessive rate of speed, that he had consumed five or six beers on the night of the accident, and that he had the odor of alcohol on his breath immediately after the accident. There is no evidence to indicate that he had any opportunity to consume additional alcohol between the time of the collision and the time the blood sample was drawn. Viewing the evidence as a whole in the light most favorable to the verdict, we hold that a rational trier of fact could reasonably have found the appellant guilty of the offense charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stewart v. State*, 165 Ga. App. 62 (1) (299 SE2d 134) (1983).

2. Appellant contends that the trial court erroneously exempted the chief investigating police officer in the case from the rule of sequestration in violation of OCGA § 24-9-61. Appellant had sought either to exclude this witness' testimony altogether or to require the state to call him as its first witness. However, the state's attorney maintained that he needed the officer at counsel table to assist in the prosecution and that to require him to testify first would interfere with an orderly presentation of the evidence. "In this situation, we have found the exception of a witness from the rule of sequestration is within the discretion of the trial judge. [Cit.]" *Blalock v. State*, 250 Ga. 441 (1) (298 SE2d 477) (1983). See also *Ryles v. State*, 177 Ga. App. 537 (339 SE2d 792) (1986).

3. Appellant contends that a mistrial should have been granted based on the action of the state's attorney in removing an item of evidence from the courtroom and discussing it with two sequestered witnesses who had not yet testified. The exhibit in question was an enlargement of a "blood alcohol request" form which had been filled out in the name of "John Doe." It was appellant's intention to use this exhibit to impeach the testimony of certain state's witnesses.

During a recess in the trial, the assistant district attorney removed the exhibit from the courtroom and took it into the witness room, where he admittedly discussed it with two of the state's witnesses who had not yet testified.

While the conduct of the state's attorney may have had the appearance of impropriety, the record does not indicate that either of the sequestered witnesses was interviewed with respect to the exhibit in the presence of the other, nor that it was revealed to them what the prior testimony had been with respect to any issue. See generally *General Oglethorpe Hotel Co. v. Lanier*, 99 Ga. App. 401 (2) (108 SE2d 769) (1959); *Bennett v. State*, 107 Ga. App. 284 (3) (129 SE2d 820) (1963). The trial court has the discretion to permit counsel to converse with a witness during a trial, and that discretion will not be interfered with unless abused. *Smith v. State*, 244 Ga. 814, 818 (262 SE2d 116) (1979). Furthermore, "[i]n criminal cases the violation of the rule of sequestration by *any* witness either for the defense or for the prosecution goes to the credibility rather than to the admissibility of the witness' testimony. [Cit.]" *Austin v. State*, 174 Ga. App. 127, 128 (329 SE2d 233) (1985). Taking all the circumstances into consideration, we hold that the trial court did not err in denying the motion for mistrial.

4. Appellant contends that the results of the blood-alcohol analysis were erroneously admitted because there was insufficient proof of the chain of custody. We disagree.

At the time that the blood sample was drawn from appellant, his true identity was unknown, and the request form that identified the vial of blood was consequently filled out in the name, "John Doe." The evidence established that the nurse who drew the sample gave it to Officer Rich, who in turn gave it to Sgt. Kelly, who placed it in his evidence locker until he took it to the crime laboratory for analysis. Since by this time the name of the subject was known, Sgt. Kelly opened the outer cardboard container containing the vial of blood and wrote the name "Fowler, David Lee" on the vial. The cardboard container was then resealed without disturbing the blood sample itself.

"In proving the chain of custody, the offering party is not required to show that the substance was guarded closely each minute, and in the absence of a showing to the contrary, the chain is not thereby broken. Moreover, in the absence of probative evidence of tampering, the chain is not shown to be broken, and where there is only a bare speculation of tampering, it is proper to admit the evidence and let any doubt go to its weight. [Cit.]" *Spivey v. State*, 170 Ga. App. 196, 198 (316 SE2d 822) (1984). The chain of custody was satisfactorily established in this case.

5. For the reasons set forth in Divisions 1 and 4 herein, appel-

lant's fifth enumeration of error is also without merit.

6. Finally, appellant asserts that he was entitled to a new trial based on newly discovered evidence consisting of a portion of his hospital record. However, there does not appear to be any reason why, in the exercise of due diligence, he could not have discovered this evidence prior to trial. Consequently, this enumeration of error is without merit. See generally *Japhet v. State*, 176 Ga. App. 189, 190 (335 SE2d 425) (1985).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 24, 1986.

*Thomas E. Fortenberry*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, W. Thomas Weathers III, Assistant District Attorneys*, for appellee.