### 73420. HARRIS v. THE STATE.
(352 SE2d 226)

BANKE, Chief Judge.

Harris appeals his conviction of robbery by intimidation.

Harris admitted at trial that he had walked into the post office in Zebulon, Georgia, handed the postmaster a note demanding three $700 money orders, and stated (fictitiously) that he had a gun in his pocket. The postmaster prepared the money orders and gave them to Harris, retaining the post office's receipt copy. Harris then left the post office and drove a short distance to a business office, where he requested a job application from the office manager. As Harris was completing the application, the office manager received a telephone call informing her of the post office robbery and describing the perpetrator. Upon hearing the description, the office manager told the caller that she believed the man was presently in her office. The caller then phoned the police, and Harris was apprehended in his automobile shortly thereafter. The three money orders were found concealed in a magazine on the front seat of the car. After receiving *Miranda* warnings, Harris confessed to committing the robbery.

Prior to trial, appellant's appointed counsel filed a motion for funds to employ a forensic psychiatrist or psychologist, asserting that the offense was the result of an irresistible, irrational impulse and that his client was indigent and would otherwise be unable to employ such an expert. At a hearing on the motion, counsel represented that insanity would be appellant's only defense at trial and that such

funds were necessary to enable him to prepare and present the defense. The motion was denied.

When it became apparent at trial that appellant still intended to assert the defense of insanity, the trial court instructed defense counsel that he was precluded from raising such a defense because he had not previously filed a notice of intent to do so pursuant to Section 31.4 of the Uniform Superior Court Rules. Arguing that to deny appellant his only defense would be to deprive him of a fair trial and effective assistance of counsel, counsel then moved for mistrial or, alternatively, for a continuance so that he could be discharged and new counsel appointed. The motions were overruled, and the trial proceeded, with appellant admitting his conduct but maintaining that he had acted without criminal intent. *Held*:

1. In *Ake v. Oklahoma*, 470 U. S. 68 (106 SC 1087, 84 LE2d 53) (1985), the Supreme Court addressed the issue of whether an indigent defendant whose sanity at the time of the offense is seriously in question has a constitutional right to be afforded psychiatric assistance to present an insanity defense. Although Ake had been examined by a psychiatrist concerning his competency to stand trial, his request for a psychiatric evaluation at state expense to determine his sanity at the time of the commission of the offense had been denied. The Court concluded that this resulted in a denial of his due process rights, holding as follows: "[W]hen a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." Id. 470 U. S. at 83.

Based on *Ake*, the Georgia Supreme Court in *Lindsey v. State*, 254 Ga. 444, 449 (330 SE2d 563) (1985), ruled as follows: "The trial court is authorized to order a psychiatrist, or perhaps some other competent mental health expert, to examine the defendant in order to determine whether his sanity is likely to be a significant factor in his defense. When the determination is made that it is, the defense must be provided with a psychiatrist to assist in his defense."

In the present case, appellant represented to the court that his only defense was temporary insanity, a disclosure which, given the nature of the offense and of his conduct immediately subsequent thereto, should have come as no surprise. Under the circumstances, we must conclude that the trial court was "authorized" to order that appellant be examined by a mental health expert so that a threshold determination could be made as to whether his sanity or lack thereof was likely to be a significant factor at trial. As the record before us does not reveal the existence of any countervailing factors militating against such an examination, we hold that the summary denial of the

appellant's motion violated the requirements of *Lindsey*. Consequently, this case is remanded for new trial, with direction that a mental health expert be appointed to conduct a threshold examination pursuant to *Lindsey*, following which the trial court shall, in accordance with *Ake*, provide the appellant with such additional access to expert psychiatric assistance as appears reasonably necessary and appropriate to safeguard his due process rights.

2. Enumerations of error 2 and 3 are rendered moot by our ruling above.

*Judgment reversed and case remanded. Birdsong, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 5, 1986 —
REHEARING DENIED DECEMBER 18, 1986 —

*Walker L. Chandler*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., Assistant District Attorney*, for appellee.