### 74231. MATHEWS v. THE STATE.
(358 SE2d 639)

BEASLEY, Judge.

Defendant appeals his conviction of armed robbery, OCGA § 16-8-41.

1. Error is asserted in the trial court's excepting a state's witness from the rule of sequestration, OCGA § 24-9-61, and having done so, not requiring the witness to testify first. The prosecuting attorney stated that the witness, who was a police chief and the primary investigating officer, was needed to aid in the presentation of the case and that in the orderly presentation of the case should testify last. This witness testified only about the post-arrest events and not about the incident itself. While it would have avoided the issue to require him to testify first, the trial court did not abuse its discretion in permitting the witness to remain in the courtroom and testify last. *Davis v. State*, 242 Ga. 901, 903 (3) (252 SE2d 443) (1979); *Blalock v. State*, 250 Ga. 441 (1) (298 SE2d 477) (1983).

2. Defendant complains of the admission of statements he made while in police custody and being transported from Dublin to St. Marys, the scene of the crime. At the *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), hearing the following facts were developed. Defendant turned himself in at Dublin and was subsequently picked up by police from St. Marys. Before leaving, the police chief read defendant the *Miranda* rights. At that time defendant replied: "I do not want to make a statement." The police chief testified no interrogation took place and during the early part of the ride the only inquiry made of defendant was what grade in school he finished. Defendant disputed this testimony, stating that he was told he would get a long sentence and that threatening remarks were made

although he did not take them to be actual threats. According to the police chief he called over the radio about the presence of what he perceived to be a fire in the area and defendant spontaneously began to talk about the crime, relating a story about being kidnapped and coerced into committing the robbery by the other participant who is still unknown.

At a *Jackson v. Denno* hearing the state must prove the voluntariness of in-custody statements by a preponderance of the evidence. *Lee v. State*, 145 Ga. App. 369, 371 (2) (243 SE2d 734) (1978). *Gates v. State*, 244 Ga. 587, 590 (1) (261 SE2d 349) (1979). The trial court is the trier of fact, resolving factual issues such as credibility of witnesses and considering the totality of circumstances in making a determination as to the admissibility of the in-custody statement. *Toole v. State*, 146 Ga. App. 305, 309 (13) (246 SE2d 338) (1978); *Pierce v. State*, 238 Ga. 126 (231 SE2d 744) (1977). Unless clearly erroneous, the decision will be upheld. *Howard v. State*, 180 Ga. App. 817 (1) (350 SE2d 825) (1986).

Based on proof introduced by the state, defendant's statements were not the result of interrogation. Instead, defendant himself initiated further conversation with the police. There were no violations of the concepts contained in *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966); *Brewer v. Williams*, 430 U. S. 387 (97 SC 1232, 51 LE2d 424) (1977), or *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981), insofar as they are raised by defendant. See *Rhode Island v. Innis*, 446 U. S. 291, 298 (100 SC 1682, 64 LE2d 297) (1980); *Wyrick v. Fields*, 459 U. S. 42, 46 (103 SC 394, 74 LE2d 214) (1982); *Oregon v. Bradshaw*, 462 U. S. 1039, 1043 (103 SC 2830, 77 LE2d 405) (1983).

Considering the totality of circumstances here, it was not error to admit the testimony regarding defendant's statements.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 4, 1987.

*Clyde M. Urquhart*, for appellant.
*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.