## 76691. LIGHTSEY v. THE STATE.
### (374 SE2d 335)

McMURRAY, Presiding Judge.

Defendant Lightsey appeals from his conviction of arson in the first degree. *Held*:

1. He contends that the trial court erred in denying defense counsel's midtrial motion for a psychiatric evaluation to determine competency. No plea of mental incompetency to stand trial as provided by OCGA § 17-7-130 was filed prior to trial. However, after defendant had testified and just before the defense rested its case, the public defender asked the court to excuse the jury and continue the case until defendant could be given a psychiatric examination to determine his competency to stand trial and at the time of the alleged crime. The trial court denied the motion as untimely after two days of trial and trial having been previously scheduled for a prior term. When the motion for continuance and psychiatric evaluation was renewed at the close of all evidence, the public defender stated that she did not believe defendant understood what was "going on in here today"; and that while she had originally thought "there was no competency problem," it had become obvious from his behavior during the trial that "there is something wrong with his thought processes." The district attorney acceded to the defense's offer of proof and the court heard witnesses from both sides.

It is clear from the transcript that defendant, who was allowed to assist pro se in his own defense, acted in a somewhat inappropriate manner both before and during the trial and was to some extent belligerent and uncooperative with the lawyers defending him. The public defenders testified that defendant "did the exact opposite" of what they advised him to do at trial, and that his "common sense" seemed

"to have left him." However, the State presented four witnesses (including two of his former parole and probation officers) who testified that they had known defendant for several years before the trial and that he exhibited no discernable changes in his behavior during the trial. They also testified that he had rationally discussed the trial preparations with them and was well aware of the charge against him. That defendant was no stranger to the judicial system was evidenced in the record by convictions and sentences dating back to 1951. Based on the testimony presented and his own observations of defendant throughout the trial, the judge found and ruled that he appeared to know and understand his surroundings; that he had participated in the preparation and defense of his case; and had "quite admirably cross-examined some of the witnesses himself." Therefore, the motion for psychiatric evaluation was denied.

"[E]ven if a defendant makes no motion for a hearing on the issue of competency if the evidence indicates that there is an issue of competency, the court must inquire into it." *Harris v. State*, 256 Ga. 350, 351 (2) (349 SE2d 374) (1986). See *Baker v. State*, 250 Ga. 187 (297 SE2d 9) (1982). "The trial on the issue of mental competency contemplated by OCGA § 17-7-130 (a) . . . is in the nature of a civil proceeding and the defendant has the burden to prove incompetency by a preponderance of the evidence. [Cit.] The issue raised is whether the defendant is capable of understanding the nature and object of the proceedings, whether he comprehends his own condition in reference to such proceedings, and whether he is capable of rendering his attorney assistance with his defense. [Cit.]" *Lindsey v. State*, 252 Ga. 493, 496 (314 SE2d 881) (1984). "[T]he relevant inquiry is not whether the defendant *would* assist in his defense, but whether he *could* do so. [Cit.]" *Levitt v. State*, 170 Ga. App. 32, 33 (1) (316 SE2d 6) (1984).

Where, as here, defense counsel has not filed a special pretrial plea of insanity or mental incompetency to be tried pursuant to OCGA § 17-7-130, "the trial court ha[s] no mandatory duty to impanel a special jury to determine that issue at this stage of the proceedings. [Cit.]" *Dowdy v. State*, 169 Ga. App. 14, 15 (1) (311 SE2d 184) (1983). See also *Standridge v. State*, 158 Ga. App. 482 (280 SE2d 850) (1981). Therefore, the trial court did not abuse its discretion in failing to order a special trial on the basis of the testimony proffered on the motion for continuance. See *Dowdy*, supra.

Likewise, only "where a showing is made that the defendant's sanity is likely to be a significant factor at trial [is] the [S]tate required to provide an indigent defendant with access to the assistance of a competent *psychiatrist* in preparing the defense." *Lindsey v. State*, 254 Ga. 444, 448 (330 SE2d 563) (1985). See *Ake v. Oklahoma*, 470 U. S. 68 (105 SC 1087, 84 LE2d 53) (1985). In the case sub judice,

the judge not only considered the offer of proof, but had ample opportunity to observe defendant's behavior and demeanor throughout the proceedings before denying the request for a psychiatric evaluation. "Starting from the presumption of mental competency, and drawing all reasonable deductions from the [proffer of] evidence . . .," we thus further conclude that the trial court did not commit reversible error in denying defendant's midtrial motion for a psychiatric evaluation. *Davenport v. State*, 170 Ga. App. 667, 668 (317 SE2d 895) (1984). Accord *Jackson v. State*, 180 Ga. App. 774 (1) (350 SE2d 484) (1986). Compare *Holloway v. State*, 257 Ga. 620 (361 SE2d 794) (1987); *Harris v. State*, 181 Ga. App. 358, 359 (1) (352 SE2d 226) (1986).

2. Defendant asserts error in allowing an attorney witness to testify in regard to conversations between them when defendant was purportedly seeking legal assistance. This testimony shows that no attorney-client relationship ever existed. Furthermore, even if defendant's motion to suppress the accused's statements be viewed as raising an objection, on the ground that the conversations were confidential and protected by the attorney-client privilege, no ruling on this motion was ever made, and counsel made no further objection on the grounds of an alleged attorney-client relationship to the testimony of the attorney. Since no ruling was invoked on defendant's motion and no further objection made, we have nothing to review. *Wilkerson v. State*, 177 Ga. App. 469, 470 (3) (339 SE2d 747) (1986); *Durham v. State*, 181 Ga. App. 155, 157 (351 SE2d 683) (1986).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED OCTOBER 17, 1988

*Thomas M. Hackel*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.