A90A1356. MULLEN v. THE STATE.
(397 SE2d 487)

SOGNIER, Judge.

Duane Mullen was convicted of criminal damage to property in the first degree, and he appeals from the denial of his motion for new trial.

1. We first address appellant's enumeration on the general grounds. Construed to support the verdict, the evidence adduced at trial established that on the night of May 5, 1989, Leroy Scuffman, a seventy-seven year old Buford resident, was alone at the home he shared with his son, Arnold, when he observed a white four door Toyota being driven slowly up the circular drive of his house at about 8:30 p.m. Scuffman testified that the same car returned an hour or two later and the male driver fired two pistol shots into the house. The investigating officers found two spent bullets fired from a 9 mm handgun in the house. At trial, Scuffman identified appellant, whom he had met on a prior occasion, as the person who had fired the shots, although at the time of the shooting he was unable to identify the

perpetrator.

Arnold Scuffman testified that he had met appellant and Juanita Mullen, appellant's wife at the time, when they patronized the car lot where he was employed. He testified that he and Juanita Mullen became friends after she and appellant separated in March of 1989. Both he and Juanita Mullen testified that on two occasions, once in April and once several weeks after the shooting, appellant had threatened and assaulted Arnold, admonishing him to stay away from Juanita. She testified that at around 6:00 p.m. on the night of May 12, she met appellant at his request, and that after they began arguing about her relationship with Arnold, appellant assaulted her and threatened her with a knife and a handgun. She also recalled seeing appellant's car parked at his house between 7:30 and 8:00 p.m. that night. Arnold testified that he picked up Juanita at the hospital around 10:00 p.m., and then returned home to learn of the shooting.

A search of the house appellant shared with his parents yielded two types of 9 mm handguns which appellant's father testified belonged to him, and an instruction manual for a third type was found in appellant's car. The State's ballistics expert testified that the bullets found in the Scuffman residence could have been fired from one of these three types of handguns, but his tests established they were not fired from either gun found at appellant's home.

During his testimony, appellant admitted assaulting Arnold Scuffman, but denied striking his former wife except in self defense. Both he and his brother, David, testified that appellant arrived at David's house at 7:00 p.m. on May 12 and stayed there until the next morning. Appellant also acknowledged that he drove a white four door Toyota.

We find this evidence sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to authorize appellant's conviction. See *Staton v. State*, 165 Ga. App. 572 (3) (302 SE2d 126) (1983). Although, as appellant notes, the evidence against him was largely circumstantial, "[c]ircumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of [appellant's] guilt. [Cits.]" *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987). We are satisfied that the evidence adduced in this case excluded every reasonable hypothesis except that of the guilt of appellant. See id.

2. Appellant challenges the trial court's decision to allow Investigator K. G. Vincent, the chief investigating officer, to sit at counsel table with the prosecutor after the rule of sequestration had been invoked although he was the last witness to testify for the State. He maintains this procedure violated OCGA § 24-9-61 and unduly prejudiced his case.

The record reveals that when appellant's counsel objected to Vin-

cent's presence, the prosecutor stated he needed Vincent's assistance during the trial and that to compel him to testify first would require the State to present its case out of sequence. This court previously has held that in similar circumstances, the exception of a witness from the rule of sequestration does not constitute an abuse of the trial court's discretion, e.g., *Mathews v. State*, 183 Ga. App. 224 (1) (358 SE2d 639) (1987); *Fowler v. State*, 179 Ga. App. 492, 493 (2) (347 SE2d 322) (1986), particularly where, as here, the unsequestered witness testified about post-arrest events. *Mathews*, supra.

3. In two enumerations appellant contends the trial court erred by allowing into evidence testimony regarding his altercations with Arnold Scuffman and Juanita Mullen, asserting that the evidence had no probative value and impermissibly placed his character into evidence. We do not agree, as we find the circumstances in the case at bar to be analogous to those in *Faircloth v. State*, 253 Ga. 67-68 (1) (316 SE2d 457) (1984). The appellant in *Faircloth* was charged with the murder of his estranged wife and the aggravated assault of the man his wife was seeing, and the Supreme Court held evidence of previous difficulties between the appellant and the male victim shortly before the crime occurred was admissible to show state of mind and motive. Here, appellant was charged with criminal damage to a house in which Arnold Scuffman, the man who had established a friendship with appellant's estranged wife, was living, and thus evidence of appellant's prior attacks on Arnold and Juanita was similarly admissible.

4. Appellant's remaining enumerations of error concern statements made by the trial judge during the charge to the jury, which appellant asserts constituted expressions of opinion by the judge in violation of OCGA § 17-8-57 (formerly OCGA § 17-8-55).

(a) The trial court instructed the jury that "you are only concerned with the guilt or innocence of the defendant, and you are not to concern yourselves with anything concerning punishment." We find no merit in appellant's contention that this charge constituted an expression of opinion by the court as to appellant's guilt. See *Ross v. State*, 173 Ga. App. 313, 314 (4) (325 SE2d 919) (1985); compare *Gaither v. State*, 234 Ga. 465, 466 (2) (216 SE2d 324) (1975).

(b) The judge also informed the jurors that on the back of the indictment was "a blank: 'We, the jury, find the defendant [blank].' Whatever your verdict is, write it in there. . . ." We disagree with appellant that the reference to *one* blank in any way suggested to the jury that the only possible finding was a one-word verdict of "guilty," especially given that the judge instructed them to write in their verdict, "whatever [it] is."

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

Decided September 21, 1990.

*Ronnie K. Batchelor*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.