A91A1978. SWEAT v. THE STATE.
(416 SE2d 845)

ANDREWS, Judge.

Sweat was tried and convicted of four counts of armed robbery, four counts of possession of a firearm during commission of a crime

and one count of aggravated assault. He appeals, contending that the trial court committed the following six errors.

1. In his first enumeration of error, Sweat contends that the trial court abused its discretion by allowing a witness for the prosecution, Investigator Vincent, to remain in the courtroom in violation of the sequestration rule under OCGA § 24-9-61.

In *Mullen v. State*, 197 Ga. App. 26, 27 (2) (397 SE2d 487) (1990), the court stated: "[t]he record reveals that when appellant's counsel objected to Vincent's presence, the prosecutor stated he needed Vincent's assistance during the trial and that to compel him to testify first would require the State to present its case out of sequence. This court previously has held that in similar circumstances, the exception of a witness from the rule of sequestration does not constitute an abuse of the trial court's discretion, e.g., *Mathews v. State*, 183 Ga. App. 224 (1) (358 SE2d 639) (1987); *Fowler v. State* 179 Ga. App. 492, 493 (2) (347 SE2d 322) (1986). . . ." Id. at 27-28. Here, the prosecuting attorney stated that the witness was needed to aid in the presentation of the case and that in the orderly presentation of the case could not testify first and we find no error.

2. In his second enumeration of error, Sweat claims that the trial court erred by denying his motion for a mistrial by allowing the prosecution to improperly place his character in issue. He bases this claim upon testimony from a police officer which generically described the procedure used for fingerprinting individuals. The record does not support Sweat's contention that his character was placed in issue and this enumeration is without merit.

3. Sweat next contends that the trial court erred by refusing to allow one of the prosecution witnesses to refresh his recollection from a police report prepared by another officer. Although the law requires no showing that the officer himself prepared the report, see *Ussery v. State*, 195 Ga. App. 394 (3) (393 SE2d 522) (1990), nevertheless "[i]n order to swear positively from the paper, it is essential that the witness should at some time have had personal knowledge of the correctness of the memorandum." (Punctuation and citations omitted.) *Mincey v. State*, 257 Ga. 500, 505 (6) (360 SE2d 578) (1987); see generally OCGA § 24-9-69. In the instant case, the officer testified that he had no such personal knowledge and there was no error.

4. Sweat claims that the trial court erred by failing to grant his motion for severance requesting a separate trial from his co-defendant. Sweat has failed to articulate any specific reason for severance and he has failed to show any actual prejudice or denial of due process which resulted from the failure to sever.

"OCGA § 17-8-4 provides that when two or more defendants are jointly indicted for a felony less than capital, defendants may be tried jointly or separately in the discretion of the trial court. Our Supreme

Court has found that the trial judge must exercise his discretion in each particular case, but the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process. They set forth a three-part standard: (1) Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? (2) Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? (3) Are the defenses of the defendants antagonistic to each other or to each other's rights? We answer each question in the negative. We find no error." (Punctuation and citations omitted.) *Sims v. State*, 186 Ga. App. 74, 75 (4) (366 SE2d 406) (1988); see also *Sims v. State*, 195 Ga. App. 631 (394 SE2d 422) (1990).

5. In his fifth enumeration of error, citing *Garrett v. State*, 184 Ga. App. 593 (5) (362 SE2d 150) (1987), Sweat claims that the trial court erred in that its instructions to the jury were confusing and left the jury with the impression that it was necessary either to find Sweat guilty on all counts or not guilty on all counts and omitted the possibility of finding him guilty on some counts and not on others.

We have reviewed the record and find that the trial court read the jury each count of the indictment separately and clearly explained several times that in order to convict it was necessary to prove each element of each crime in the indictment. With respect to the verdict, the court also explained that it was necessary to make a finding on each individual count. The charge in its entirety adequately advised the jury that the counts against appellant were separate and distinct and this enumeration is without merit. See, e.g., Suggested Pattern Jury Instructions, Vol. II Criminal Cases, § FF (2).

6. Finally, Sweat contends that the trial court erred in allowing the prosecution in closing argument to inform the jury that various witnesses did not testify due to the failure of the defense to call them as witnesses and that this improperly shifted the burden of proof to the accused. It is important to note that Sweat does not appear to contend, nor does the record support the argument that the prosecutor referred in any manner to Sweat's failure to testify. "Though the prosecutor may not comment on a defendant's failure to testify, it is not error, nor is it improper for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the State. Thus, there was no error if the prosecutor's comments in this case were merely directed toward appellant's failure to rebut the State's evidence against him." *Martin v. State*, 193 Ga. App. 581, 585 (4) (388 SE2d 420) (1989); *McGee v. State*, 260 Ga. 178 (391 SE2d 400) (1990); see also *Williams v. State*, 200 Ga. App. 84 (3)

(406 SE2d 498) (1991). Accordingly, this enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 10, 1992.

*Ronnie K. Batchelor*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.