A93A1602. JOHNSON v. THE STATE.
(433 SE2d 717)

McMURRAY, Presiding Judge.

Defendant Johnson appeals his conviction of seven counts of selling cocaine. *Held*:

1. The first enumeration of error contends that the evidence was insufficient to authorize defendant's conviction. Each of the offenses of which defendant was convicted involved small street purchases of cocaine by undercover officers. The crimes occurred over six months prior to trial and the officers involved had made numerous purchases of illegal contraband unconnected with defendant since the purchases at issue in the case sub judice. Defendant argues that under these circumstances the officers' identification testimony was suspect and unreliable. Nonetheless, the undercover officers identified defendant as a seller of cocaine in each of the transactions at issue. " '(Defendant's) argument addresses itself to the credibility of the witnesses, which is a matter within the province of the jury.' *Levitt v. State*, 201 Ga. App. 63 (1) (410 SE2d 170) (1991). 'While the jury can and must weigh and analyze the evidence, an appellate court is restricted to determining whether or not there is sufficient evidence to support the verdict of guilty.' *Causey v. State*, 154 Ga. App. 76, 77 (267 SE2d 475) (1980)." *Robinson v. State*, 204 Ga. App. 637 (419 SE2d 926). The evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of each of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hill v. State*, 205 Ga. App. 475 (1) (422 SE2d 564).

2. Defendant also contends that the trial court failed to make adequate inquiry into his competency to stand trial. Upon the call of the case, defense counsel informed the trial court that defendant was "brandishing" an orange tag that indicated he had been recently admitted to a mental health facility and that counsel could not make sense of him. There had been no plea of incompetence to stand trial filed on behalf of defendant pursuant to OCGA § 17-7-130. Nonetheless, when evidence indicating incompetency is presented during trial, the trial court has a duty to inquire into the issue of competency. *Holloway v. State*, 257 Ga. 620, 621 (2) (361 SE2d 794).

The trial court proceeded to elicit the statement of defense counsel that over the preceding six months he had talked to defendant almost on a daily basis and had seen him four times, including as recently as the previous week, and that over that period of time defendant had cooperated with him (counsel) and had not exhibited the abnormal conduct he was displaying in court. The defense counsel had no evidence to submit on the competency issue and the trial court found that defendant was putting on an act, and was capable of assisting counsel with his defense.

Shortly thereafter, the prosecuting attorney announced that he had just discovered a witness who could shed some light on the competency issue. The State then presented the testimony of a criminal defendant in an unrelated case who testified that approximately four months previously he had been in jail in the same cell as defendant, and that defendant had told him of his plan to play crazy when he went to court.

Furthermore, the trial court later noted for the record his observation of defendant during the trial, stating that defendant had carefully observed the proceedings, actively communicated with his attorney, and responded appropriately to the events in the courtroom. Based on the observation of defendant during the trial, the trial court restated its conclusion that defendant was capable of understanding the nature of the proceedings and assisting his attorney.

On motion for new trial, defendant presented evidence which showed his visit to a health facility during the early morning hours of the trial date and that he had complained of hallucinations and voices telling him to kill himself. However, this evidence also indicated that there was no evidence of psychosis in addition to defendant's report of visions and voices.

On appeal, defendant maintains that he was not afforded an adequate hearing on the competency issue and seeks a post-trial hearing on this issue. The trial court has an inherent duty to question competency before and during trial. *Baker v. State*, 250 Ga. 187, 188 (1), 190 (297 SE2d 9). " 'A trial court must conduct, *sua sponte*, a competency hearing when the information known to the trial court at the time of

the trial or plea bargain is sufficient to raise a bona fide doubt regarding the defendant's competence. *Pate v. Robinson*, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966); *McNair v. Dugger*, 866 F2d 399, 401 (11th Cir.), *cert. denied*, ___ U.S. ___, 110 S.Ct. 109, 107 L.Ed.2d 71 (1989). Courts focus on three factors in determining whether the trial court violated the defendant's procedural due process rights by failing to hold *sua sponte* a competency hearing: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial. *Drope v. Missouri*, 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1975). Such an analysis focuses on what the trial court did in light of what it knew at the time of the trial or plea hearing. *Reese v. Wainwright*, 600 F.2d 1085, 1091 (5th Cir.), *cert. denied*, 444 U.S. 983, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979).' *Tiller v. Esposito*, 911 F2d 575, 576. The requirement of a competency hearing is applicable even where the doubt regarding a defendant's competency arises during the course of a trial. *Bowden v. Francis*, 733 F2d 740, 747 (5)." *White v. State*, 202 Ga. App. 424, 425 (414 SE2d 328).

"Where, as here, defense counsel has not filed a special pretrial plea of insanity or mental incompetency to be tried pursuant to OCGA § 17-7-130, 'the trial court ha(s) no mandatory duty to impanel a special jury to determine that issue at this stage of the proceedings. (Cit.)' *Dowdy v. State*, 169 Ga. App. 14, 15 (1) (311 SE2d 184) (1983). See also *Standridge v. State*, 158 Ga. App. 482 (280 SE2d 850) (1981). Therefore, the trial court did not abuse its discretion in failing to order a special trial on the basis of the testimony proffered on the motion for continuance. See *Dowdy*, supra." *Lightsey v. State*, 188 Ga. App. 801, 802 (1) (374 SE2d 335).

In our view, the trial court did not fail to conduct a sufficient inquiry in regard to defendant's competence to stand trial. The burden was upon defendant to show incompetency by a preponderance of the evidence. *Baker v. State*, 250 Ga. 187, 188 (1), 189, supra. The trial court was authorized to conclude that defendant had not carried this burden.

Furthermore, there is no abuse of discretion suggested by the absence of any psychiatric evaluation of defendant. The trial court was not compelled to direct such an examination where there has been no showing that defendant would not be able to intelligently participate at trial or that his sanity would be a significant issue at trial. *Sinkfield v. State*, 201 Ga. App. 284, 286 (3) (411 SE2d 68), rev'd on other grounds, 262 Ga. 239 (416 SE2d 288); *Lightsey v. State*, 188 Ga. App. 801, 802 (1), supra. This enumeration of error is without merit.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 14, 1993 — ▉▉▉▉▉▉▉▉▉

*Brown & Chambers, Carla E. Brown,* for appellant.
*Daniel J. Porter, District Attorney, Donald L. Johstono, Jr.,* Assistant District Attorney, for appellee.