### 68624. FAIR v. THE STATE.
(321 SE2d 790)

Pope, Judge.

Appellant was indicted for the offenses of kidnapping and aggravated assault with a deadly weapon. He was tried before a jury and convicted of the aggravated assault charge.

1. Appellant first enumerates as error the trial court's failure to inform defense counsel as to the court's proposed action regarding appellant's requests to charge. OCGA § 5-5-24 (b) states in pertinent part: "In all cases, at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may present to the court written requests that it instruct the jury on the law as set forth therein. Copies of requests shall be given to opposing counsel for their consideration prior to the charge of the court. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury but shall instruct the jury after the arguments are completed."

In this case the record shows that the following transpired: In a conference outside the presence of the jury held prior to closing arguments, appellant's counsel asked the trial judge whether he proposed to include in his charge to the jury instructions on mutual combat and lesser included offenses of the crimes charged, specifically simple battery. Although no written requests were made, the trial court stated that the oral requests would be construed as written. The trial court rejected the request to charge on mutual combat, but did not state with certainty whether he would instruct the jury on the law of simple battery. The charge as given included instructions on mutual combat and simple assault, but not on simple battery.

We need not address the trial court's omission of instructions on simple battery as this has not been enumerated as error in this appeal, nor was it specifically objected to in the trial court. Thus, appellant contends only that by failing to inform counsel as to the proposed contents of the charge, counsel was prevented from preparing a closing argument based upon the applicable legal principle, mutual combat, eventually charged to the jury.

"The requirement that the judge inform the parties prior to final argument of his action on the requested charges is designed to enable the attorneys to argue their case to the jury intelligently and on the basis of the guiding legal principles under which the argument should be made. [Cits.] It follows that where the trial judge misleads counsel as to the intended charge, a severe injustice may result and 'counsel

should be given the opportunity, if justice requires, to reargue the facts in the light of the changed law of the case.' [Cit.]" *Daniels v. State*, 137 Ga. App. 371, 374 (224 SE2d 60) (1976). "These facts occurred prior to deliberation of the jury and at no time did [appellant] request to reargue the facts in light of the law of the case as charged. If the defense counsel had been misled as to the intended charge his remedy was to request to reargue the facts in the light of the charge given." *Hudson v. State*, 150 Ga. App. 126 (257 SE2d 312) (1979). Thus, in the absence of such request to reargue, " 'the initial rejection of the requested instruction is not, by itself, a proper basis for the grant of a new trial.' *Daniels v. State*, [supra at 376]." *Thomas v. State*, 168 Ga. App. 587, 589 (309 SE2d 881) (1983).

2. Appellant next enumerates as error the portion of the trial court's charge to the jury defining reasonable doubt as a "doubt for which a specific reason can be given." Appellant's contention that such charge constituted impermissible burden-shifting has been considered and expressly rejected by our Supreme Court in *Ranger v. State*, 249 Ga. 315 (5) (290 SE2d 63) (1982). Accord *Bennett v. State*, 165 Ga. App. 600 (4) (302 SE2d 367) (1983).

3. Appellant's final enumeration of error raises the general grounds. The offense for which appellant was convicted arose from an incident which occurred in a taxicab in which appellant was the passenger and the victim the driver. Although disputed, the State showed the following: During the ride, appellant grabbed the shirt of the victim and reached from the back seat to place a knife to his throat, diverting the driver from appellant's originally requested destination. Appellant held the knife there while forcing the victim to drive to a different destination at which point the victim was able to swerve the taxi, throw appellant off-balance and retrieve the knife appellant had dropped. The struggle resumed after the car was stopped and was witnessed by two other persons. When police arrived, the victim was restraining appellant.

"We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. [Cits.] Where the testimony of the [S]tate and that of the appellant is in conflict, the jury is the final arbiter [cits.], and after the verdict is approved by the trial court, the evidence must be construed so as to uphold the verdict even where there are discrepancies. [Cit.]" *Wynn v. State*, 152 Ga. App. 479, 480 (263 SE2d 258) (1979). Accord *Jones v. State*, 165 Ga. App. 36 (1) (299 SE2d 576) (1983); *Jamison v. State*, 162 Ga. App. 635 (292 SE2d 515) (1982). Our review of the record reveals evidence sufficient to enable any rational trier of fact to find appellant guilty of aggravated assault pursuant to OCGA § 16-5-21 (a) (2) beyond a reasonable doubt. See

Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Doss v. State*, 166 Ga. App. 361 (1) (304 SE2d 484) (1983); *Hurt v. State*, 158 Ga. App. 722 (282 SE2d 192) (1981).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 6, 1984.

Kenneth D. Feldman, Margaret H. Earls, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Deborah W. Espy, Assistant District Attorneys, for appellee.