## 70337. JONES v. THE STATE.
### (332 SE2d 915)

BIRDSONG, Presiding Judge.

The defendant Clifford Jones, also known as Clifford Connors, was convicted of one count of aggravated assault and one count of theft by taking of an automobile. He brings this appeal. *Held*:

1. The victim testified that she was an ice cream vendor in an area known as Hudson Hill. She was driving through that area in her brother's car when the defendant waved at her. She knew him from his having purchased ice cream from her. He asked her for a ride to his home. During the ride, the subject of drugs and money came up. The defendant was going to give her a package of drugs and $50 and she was to pay him later. The victim has a prior conviction for possessing drugs. She insisted that sex was not mentioned and she wanted the money but did not want the drugs. She was not certain how the subject of money and drugs came up, except that she needed money.

When they stopped, according to her, the defendant placed his hand on her breast and she pushed it away. He tried to kiss her but she turned her head. Neither the money nor the drugs was produced but defendant did produce a "butcher knife" and placed it to her throat and told her he was going to kill her. She pushed the knife away with her hand and received a cut. She opened the door to the car and ran and saw the defendant drive away in her brother's car. Police found the victim running down the road, crying and screaming. She was hysterical. She advised them her attacker's name was either Clifford Jones or Clifford Connors — he used both of them. Her brother's auto was found later that evening abandoned, with the battery and radio removed. The victim's pocketbook was in the car but her money had been taken.

The state introduced the testimony of a prior victim who also had known the defendant before he had attacked her. He knocked at her door and, after being admitted, raped her, attempted to sodomize her, threatened to kill her if she "hollered again," took her money, and left. Defendant argues that this prior offense was inadmissible. We do not agree.

Before evidence of a prior offense is admissible, two conditions

must be satisfied: (1) there must be evidence that the defendant was in fact the perpetrator, and (2) there must be sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. *State v. Johnson*, 246 Ga. 654 (272 SE2d 321). Once the identity of the accused as the perpetrator of the prior offense has been proven, then testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515).

The testimony of the victim that defendant attempted to kiss her, placed his hand on her breast and produced a knife, could tend to show a sexual intent for the assault. The exception in permitting prior similar offenses has been "liberally extended in cases of sexual crimes." *Hunt v. State*, 233 Ga. 329, 330-331 (211 SE2d 288); *Felts v. State*, 154 Ga. App. 571, 572 (269 SE2d 73); *Sudlow v. State*, 140 Ga. App. 146, 147 (230 SE2d 106). Here the similarity between offenses is borne out in the pattern of sexual attacks upon a woman who knows the offender, and where the offender uses violence to accomplish his intent, and steals valuables from the victim once the offense is completed. The prior offense shows motive, plan, scheme, bent of mind, and course of conduct.

Moreover, in view of the overwhelming evidence of defendant's guilt of the offenses charged, even if it could be said that the prior offense was inadmissible, it is highly probable it did not contribute to the judgment reached by the jury. *Hamilton v. State*, supra, pp. 75-76.

2. Defendant enumerates as error the refusal of the trial court "to grant defendant's motion for a continuance. . . ." The record contains two demands for trial and a letter from defendant seeking information to use in a lack of a speedy trial motion. When the case was sounded for trial, the defense counsel announced "ready." However, the accused stated he had not "had a chance to have any counseling with my attorney and I was just brought back here a week and a half ago," and had met with his counsel for only 15 minutes "four months ago." Counsel for the accused advised the court: ". . . I'm ready to go to trial, Your Honor. I've been through the preliminary hearing on this. I've talked with him in jail on more than one occasion. I've interviewed several of the people involved in this case, including the victim, herself. I have been through the file. I have corresponded with [the accused] not once, but at least on three or four occasions. The last letter I got from him says, 'Crank up the Jury.' That's why we're here today. I was not able to work out a plea. I'm ready to go to trial. I announced ready. This is a demand case, Your Honor."

We have found no motion for a continuance in the record or transcript. Even if we were to construe the accused's comment as a mo-

tion for a continuance, motions predicated on the basis of lack of preparation time for trial address themselves to the sound discretion of the trial court and will not be reversed on appeal absent abuse of discretion. *Burnett v. State*, 240 Ga. 681, 684 (242 SE2d 79). Counsel had been involved with the case for a period of at least four months. He had consulted with the accused more than once and had corresponded with him on several occasions. He had investigated the case and talked to the witnesses. It was the demand for trial of the accused that initiated this trial date. His reluctance to continue with the trial he demanded, without withdrawing his demand for trial, is not sufficient reason to delay further the trial he demanded. There was no motion for continuance in the record and there was no showing of harm to the defendant on insufficient preparation time. See *Fleming v. State*, 236 Ga. 434, 437 (224 SE2d 15); *Chenault v. State*, 234 Ga. 216, 221 (215 SE2d 223). This enumeration is without merit.

3. The trial court did not err in denying defendant's motion for new trial based on the general grounds.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I concur in the majority's affirmance of appellant's convictions and I totally agree with all that is said in Divisions 1 and 2 of the majority opinion. With regard to the general grounds enumerated as error and discussed in Division 3, a "review of the record reveals evidence sufficient to enable any rational trier of fact to find appellant guilty of [the crimes charged] beyond a reasonable doubt." *Fair v. State*, 172 Ga. App. 49 (321 SE2d 790) (1984). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

DECIDED JUNE 12, 1985.

G. *Terry Jackson*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.