## 70252. LONG v. THE STATE.
### (335 SE2d 587)

BENHAM, Judge.
Appellant was convicted of driving under the influence of alcohol and vehicular homicide in the first degree. On appeal, he challenges

the denial of his motion to suppress the results of a blood alcohol test and the denial of his motion for new trial.

1. The evidence authorized the conclusion that appellant was unconscious at the time blood was drawn from him for the blood alcohol test. Appellant recognizes that the drawing of blood under such circumstances, without a reading of appellant's rights under the implied consent law, is authorized by OCGA § 40-5-55. He argues, however, that the blood should not be used for a blood alcohol test unless the state can show that he was informed, upon regaining consciousness, of his right to refuse such testing. That argument was advanced by the dissenting opinions in *Thornberry v. State*, 146 Ga. App. 827 (247 SE2d 495) (1978), and *Williams v. State*, 145 Ga. App. 81 (243 SE2d 614) (1978), but has never been adopted by this court. We are not willing to adopt that position in this case and find no error in the denial of appellant's motion to suppress on that ground.

2. In further support of his motion to suppress, appellant argues that the fact that he was only 17 years old at the time his blood was taken required that his parents, after having been informed of appellant's rights under the implied consent law, consent to the taking of his blood. We disagree.

The implied consent law, OCGA § 40-5-55 (a), refers to "any person who operates a motor vehicle upon the highways or elsewhere throughout this state . . ." There is no exception made in the statute for minors and we are not inclined to engraft one. At age 17, as appellee points out, appellant was considered an adult for purposes of criminal prosecution. OCGA § 15-11-2 (1) and (2) (A). Furthermore, the laws regulating drivers of motor vehicles make no such distinctions: once a person is old enough to receive, and does receive, a driver's license, he is subject to the same laws applicable to all other drivers. Appellant's motion to suppress was, therefore, not sustainable on this ground.

3. As an amendment to his general motion for new trial, appellant asserted the existence of newly discovered evidence which, he argued, would have led to a different verdict if it had been introduced at trial. In two enumerations of error appellant contends that the denial of his motion for new trial was error because the newly discovered evidence, when considered with evidence which he knew about but did not use at trial, would have led to a different result.

The new evidence which appellant proffered by means of an affidavit was the testimony of a person who claimed to have seen appellant riding as a passenger in his own car prior to the collision, the car being driven by the person who testified at trial that he was a passenger when the collision occurred. Appellant submitted his own affidavit with the motion, averring that he had lied at trial when he testified that he was driving when the collision occurred. The motive for ap-

pellant's perjury, he asserted, was that he was afraid that if he told the truth, that he had no memory at all of the collision and did not know whether he was driving at the time, the jury would convict him.

" 'It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' [Cits.] All six requirements must be complied with to secure a new trial. [Cits.]" *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980). In our view, the evidence produced by appellant fails to meet two of the requirements set out above. First, we do not find the new evidence so material that it would probably produce a different result. The new witness said in his affidavit that he saw appellant and his companion "somewhere between [sic] 10:30 p.m. . . ." Appellant and the other occupant of his car testified that they did not start drinking until later than that time, that they were not drinking in the car, and that they did not leave the place where they were drinking until sometime after 11:45 p.m. Therefore, testimony that the other person in the car was driving at 10:30 would not tend to prove that the same person was driving on a later occasion after appellant and his companion had consumed a pint of vodka.

Second, if the new testimony was probative of the identity of the driver, it would only serve to impeach the testimony of appellant and the other occupant of the car. Since, as we have pointed out above, all six of the requirements set out in *Timberlake* must be met and appellant has failed to meet two of them, appellant was not entitled to a new trial solely on the basis of that new testimony.

Nonetheless, appellant argues, the new evidence has rendered relevant other evidence which appellant knew of prior to trial but did not pursue because there was no corroboration for it. We find that argument unpersuasive. The withheld evidence, consisting of a comparison of the damage to the car and the injuries to appellant and his companion, was available to appellant, but he chose not to use it. Appellant is not entitled to a second chance just because he chose to adopt a different strategy for trial than one he now thinks would have been more effective.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

92

*John W. Lawson*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Christopher C. Edwards, J. David Fowler, Paschal A. English, Assistant District Attorneys*, for appellee.