### 73171. BARTELL v. THE STATE.
(351 SE2d 495)

SOGNIER, Judge.

Appellant was convicted of two counts of homicide by vehicle in the first degree by driving under the influence of alcohol, which resulted in an accident causing the death of two persons.

1. Appellant contends the trial court erred by requiring his expert witness to be sequestered as a result of the court's failure to exercise its discretion in this matter. Appellant requested that his accident reconstruction expert be allowed to remain in the courtroom to hear the testimony of other witnesses as to what happened at the scene of the accident, even if the rule of sequestration was invoked. The expert had stated that it would be a tremendous help to him in forming an opinion if he could listen to the actual witnesses who were present at the scene of the accident, since he was not present himself. The request was denied and the rule was invoked by the State. Appellant contends error on the ground that the court failed to exercise its discretion in this matter. We do not agree.

OCGA § 24-9-61 gives either party the right to have the witnesses sequestered, subject to the discretion of the trial judge, who may make exceptions thereto. *Welch v. State*, 251 Ga. 197, 201 (7) (304 SE2d 391) (1983). The rule prohibits witnesses from being examined in the presence of each other. *O'Kelley v. State*, 175 Ga. App. 503, 504 (1) (333 SE2d 838) (1985). In *Atlantic &c. R. Co. v. Johnson*, 127 Ga. 392, 399 (4) (56 SE 482) (1907), the only case we have found directly on point, our Supreme Court held that the trial court did not

err by refusing to allow a physician called as a defense witness to hear the plaintiff's testimony, in order that the physician might be used as an expert witness in regard thereto. The court pointed out that if an expert's opinion is not based on his own observation of facts personally known to him, the proper mode of examination is by hypothetical questions, so the jury may know what facts are assumed to be true as a basis of the opinion. Id. at 400. Applying this holding to the facts of the instant case, we find no error by the trial court in denying appellant's request. The court stated the reasons for its ruling, which included the fact that to grant the request would give the defense an unfair advantage, and we find nothing in the transcript to support appellant's contention that the court failed to exercise its discretion in this matter.

2. Appellant contends the trial court erred by failing to give his requested charge "D" on circumstantial evidence after the court stated it would give all of his requested charges on that issue. At a pre-charge conference the court, in discussing a charge on circumstantial evidence, stated that it would give the general charge on circumstantial evidence, and after further discussion stated that "I think I'm going to charge his [appellant's] requests." We are inclined to rule that such a statement is not a commitment to charge; nevertheless, we will discuss the issue. Appellant's subject request was a correct statement of the law, and the subsequent failure to charge a correct request after advising counsel that it would be charged may be ground for reversal. See *Fair v. State*, 172 Ga. App. 49-50 (1) (321 SE2d 790) (1984). However, the court gave a complete and correct charge on circumstantial evidence, and although not in the exact language requested, substantially covered the same points. The failure to give a requested charge in the exact language requested, where the charge given substantially covers the same principles, is not a ground for reversal. *Kelly v. State*, 241 Ga. 190, 191 (4) (243 SE2d 857) (1978); *Caldwell v. State*, 167 Ga. App. 692, 695 (6) (307 SE2d 511) (1983). Further, if the defense counsel was misled as to the charge to be given, his remedy was to request an opportunity to reargue the facts in light of the charge given. *Fair*, supra at 50. We find no harmful error.

3. Appellant contends the trial court erred by allowing introduction into evidence of the results of a blood alcohol test conducted by the State. The test was taken while appellant was unconscious, and he argues the results of the test were not admissible because he was not given the implied consent warning after he regained consciousness. This contention has been decided adversely to appellant in *Long v. State*, 176 Ga. App. 89, 90 (1) (335 SE2d 587) (1985), and we decline appellant's request that we overrule *Long*.

Appellant also contends that E. F. Harley, the state trooper who

ordered that a blood sample be taken from appellant by hospital personnel for a blood alcohol test, was obligated to take and retain a blood sample for appellant's use if he decided to have an independent blood analysis by someone of his own choosing after he regained consciousness. Appellant has cited no authority, and we find none, to support his contention.

OCGA § 40-6-392 (a) (3) provides, in pertinent part: "The . . . inability to obtain an additional test shall not preclude the admission of evidence relating to the test . . . taken at the direction of a law enforcement officer." Thus, although appellant was unable to obtain an independent blood test due to his physical condition, that would not preclude admission of the State's evidence relating to the results of the test ordered by Harley. We find nothing in the statutes or case law which requires the State to take and retain blood samples for use by an unconscious defendant in the event he desires an independent test by someone of his own choosing after regaining consciousness. Hence, the trial court did not err by allowing the State to introduce evidence relating to the results of appellant's blood test taken by the State.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 24, 1986 —
REHEARING DENIED DECEMBER 5, 1986 —

*Charles T. Erion*, for appellant.
*Beverly B. Hayes, District Attorney, Samuel A. Hilbun, Assistant District Attorney*, for appellee.