A94A1824. HAYES v. THE STATE.
(449 SE2d 360)

SMITH, Judge.

This is the second appearance of this case before this court. In *Hayes v. State*, 211 Ga. App. 801 (440 SE2d 539) (1994) (*Hayes I*), we affirmed Hayes's conviction of aggravated assault. We found, however,

894

that he had not been afforded a presentence hearing as required by OCGA § 17-10-2, before being sentenced to 20 years in prison. We remanded the case to the trial court for resentencing. *Hayes*, supra at 804-805.

Following the remand, the trial court scheduled a hearing for March 24, 1994. Hayes learned three days before the hearing that he had been brought back to the local jail because he was to be resentenced on March 24, and he notified his counsel. Counsel stated in his place, however, that he could not prepare for the hearing because he was preparing for a murder trial that had been specially set for the next week.

Defense counsel informed the court that he had received no notice of the hearing from the court, the district attorney, or the clerk, and requested a continuance so that he could meet with his client and interview witnesses. The trial court denied the motion for continuance. The hearing proceeded without the participation of the defense, and the trial court resentenced Hayes to 20 years in prison.

Hayes contends the trial court erred in conducting the hearing when neither he nor his counsel was given sufficient notice of the date and time of the hearing to allow counsel to prepare or subpoena witnesses. We do not agree.

We do agree with Hayes that it is certainly better practice for the court to ensure that notice of all scheduled hearings is provided to counsel in some manner, and we are not unsympathetic to his plight. Nevertheless, motions for continuances are addressed to the sound discretion of the court. OCGA § 17-8-22. This court will not interfere with the ruling of a trial court on such a motion unless it is clearly shown that the trial court abused its discretion. *Gignilliat v. State*, 196 Ga. App. 773 (2) (397 SE2d 52) (1990).

Under the very statute upon which Hayes relied in obtaining the remand in *Hayes I*, supra, the presentence hearing could have been held immediately after the jury returned its verdict of "guilty." Counsel was aware of this court's decision remanding this case for a hearing, and a party requesting a continuance must show he has exercised due diligence. OCGA § 17-8-20. Under these circumstances, we cannot say the trial court abused its discretion in denying the motion for continuance in this case and requiring counsel to go forward with the hearing.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

Decided October 19, 1994.

*Lewis R. Lamb*, for appellant.
*Britt R. Priddy, District Attorney, Kenneth B. Hodges III, Assis*

*ant District Attorney,* for appellee.