A95A0474. CHAMBERS v. THE STATE.
(454 SE2d 567)

BLACKBURN, Judge.
This is the third appearance of this case before this court. In both *Chambers v. State,* 205 Ga. App. 78 (421 SE2d 326) (1992), and in *Chambers v. State,* 213 Ga. App. 284 (444 SE2d 833) (1994), we reversed Chambers' convictions for child molestation and incest. The case was retried in August 1994, and Chambers was again convicted by a jury of child molestation and incest, both charges involving his

biological daughter. This appeal followed.

The evidence viewed in the light most favorable to the jury's verdict shows that in 1988, the victim, who was 16 years old at the time of the third trial, began living with Chambers, his present wife, and other siblings when the acts of sexual exploitation occurred. During the two years that she lived with Chambers, the victim was subject to numerous acts of sexual abuse. The victim specifically recounted an incident when Chambers took her to a parcel of land that the family owned and had sexual intercourse with her while the two were inside the cab of his truck. Afterwards, Chambers informed the victim that he loved her and instructed her not to tell anyone. The victim also testified that Chambers sexually abused her in the family's home.

She also recalled an incident when Chambers removed her from her bed, took her into his room, and had sexual intercourse with her. On another occasion, he attempted to place the victim's hand on his penis after he called her into a bathroom in the home. The victim further testified that Chambers has picked her up, unzipped her pants, and kissed her on her vagina. Chambers also had sexual intercourse with the victim on the floor of the family's former residence when the two of them returned to the home to retrieve some items. He again informed her that he loved her and instructed her not to tell anyone.

In October 1990, the victim informed a friend, a school counselor, a social worker, an emergency room physician, a victim/witness advocate, and a police officer of the specific acts of sexual abuse committed by Chambers against her. Both the school counselor and the social worker opined, based upon their experience with molestation victims, that the victim exhibited traits that were consistent with those of molested children. The emergency room physician testified that her examination of the victim revealed that the victim's hymen was absent, and she opined that penetration can result in the absence of the hymen. Based upon her examination of the victim, the physician concluded that the victim's vagina had been penetrated on more than one occasion. Her examination of the victim was consistent with the history given by the victim that she had been sexually molested by Chambers.

1. Chambers asserts that the trial court erred in denying his motion for a directed verdict of acquittal because of alleged inconsistencies in the victim's testimony.

"A directed verdict of acquittal is proper only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal." (Citation and punctuation omitted.) *Thompson v. State*, 210 Ga. App. 655, 656 (1) (436 SE2d 799) (1993). "It is the function of the jury to determine the credibility of the witnesses. The jurors must

weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict." (Citation and punctuation omitted.) *Hargrove v. State*, 202 Ga. App. 854, 857 (415 SE2d 708) (1992).

In the case at bar, the jury resolved any conflicts in the victim's testimony in her favor and found her testimony worthy of belief. Reviewing the evidence adduced at trial under the standard of review enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), a rational trier of fact was authorized to find Chambers guilty beyond a reasonable doubt of the offenses charged. See *Carr v. State*, 214 Ga. App. 367 (1) (448 SE2d 33) (1994).

2. Next, Chambers maintains that the trial court erred in failing to grant his motion for mistrial after the prosecution elicited an answer from a witness on the ultimate issue of the case. Specifically, Chambers asserts as error the prosecution's questioning of Sandra Pace, the school counselor, on whether she believed the victim was telling the truth when she disclosed to her the acts of molestation committed against her by Chambers. After Pace responded that she did believe the victim, Chambers' counsel objected to the question on the ground that it addressed the ultimate issue in the case, and moved for a mistrial.

The trial court indicated that it would instruct the jury that whether the witness believed the victim could not be a factor in their determination. Chambers' counsel responded that he did not object to the instructions, but felt that the instructions were inadequate at that point since this question was also posed in the second trial of the case. The trial court instructed the jury that it had the ultimate responsibility of determining the credibility of witnesses. Chambers' counsel did not voice an objection after the giving of this instruction, did not ask for additional curative instructions, and did not renew his motion for a mistrial.

"Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit." (Citation and punctuation omitted.) *McAlister v. State*, 204 Ga. App. 259, 260 (1) (419 SE2d 64) (1992). Counsel's inaction following the giving of the curative instructions constitutes a waiver and leaves this court with nothing to review. Id.

3. Chambers additionally maintains that the trial court erred in denying his motion for a continuance to enable him to obtain and fully utilize the services of Dr. James Stark, a psychologist. Although Chambers did obtain Dr. Stark as an expert witness and Dr. Stark testified at trial, he contends the psychologist could not adequately prepare for trial because of the limited time period before its commencement. Dr. Stark testified that he did not have an opportunity to

evaluate the victim, evaluate the accused, review the files, or study relevant video material because of time constraints. Dr. Stark stated that he would have evaluated the victim, the accused, and reviewed the transcripts and the video material if he had been given adequate time.

"[M]otions for continuances are addressed to the sound discretion of the court. This court will not interfere with the ruling of a trial court on such a motion unless it is clearly shown that the trial court abused its discretion." (Citations omitted.) *Hayes v. State*, 214 Ga. App. 893, 894 (449 SE2d 360) (1994).

Following this court's second reversal of the case on May 24, 1994, the parties were notified by notice dated July 27, 1994, that the case was scheduled for trial on August 22, 1994. Chambers was aware of this court's decision reversing his convictions in May 1994, and did not seek a continuance to obtain this expert until August 19, 1994, three days prior to trial. Chambers was originally indicted on these charges in March 1991. It is incumbent upon a party requesting a continuance to show that he exercised due diligence. Id. Under the circumstances, we cannot say that the trial court abused its discretion in denying the motion for continuance in this case. Id.

4. Chambers asserts error in the trial court's refusal to allow Dr. Stark to view the videotape interview of the victim by a social worker with the Department of Family & Children Services. Chambers argues that Dr. Stark should have been allowed to view the videotape with the jury since he was not able to review the videotape in preparation for trial.

"OCGA § 24-9-61 gives either party the right to have the witnesses sequestered, subject to the discretion of the trial judge, who may make exceptions thereto. The rule prohibits witnesses from being examined in the presence of each other." (Citations omitted.) *Bartell v. State*, 181 Ga. App. 148 (351 SE2d 495) (1986). In *Bartell*, this court held that the trial court did not err in refusing to allow a defendant's expert witness to remain in the courtroom to hear the testimony of other witnesses since an expert's opinion is based upon hypothetical questions if the facts have not been personally observed by the expert. The facts of the case at bar were not personally known to Dr. Stark, and any opinion that he could properly form would have been based upon hypothetical questions. See id. Therefore, the trial court did not err in denying Chambers' request.

5. Lastly, Chambers asserts that the trial court improperly commented on the evidence when the court stated "[i]f we could come back to this case, it would be helpful." The trial court made this statement after Dr. Stark testified that children at the age of 15 or 16 are more influenced by their peers.

On the contrary, the trial court did not comment on the evidence

but merely instructed the witness and defense counsel to discuss matters relevant to this case, considering the age of the victim at the time that the acts of molestation occurred and the time that the acts were disclosed to the witness. We find nothing improper about the trial judge's comment. See *Smith v. State*, 209 Ga. App. 699 (9) (434 SE2d 528) (1993).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 8, 1995 —
RECONSIDERATION DENIED FEBRUARY 22, 1995 — 

*James C. Wyatt*, for appellant.

*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.