A96A1444. COATES v. THE STATE.
(476 SE2d 650)

JOHNSON, Judge.

After a jury trial, James Michael Coates was convicted of child molestation, false imprisonment, and enticing a child for indecent purposes. He appeals from the convictions entered on the jury's verdict and the denial of his motion for new trial.

1. Coates contends that the trial court erred in denying his motion for mistrial when an agent with the Georgia Bureau of Investigation, while testifying for the State, stated that another suspect took a polygraph test; the witness did not give the test results. Defense counsel objected to any mention of the test, although at one point he argued that his objection would be only to the witness giving the test results, which she did not. When the trial court stated that it would give the jury a curative instruction, defense counsel moved for a mistrial. The trial court then stated to counsel its proposed instruction and asked counsel if there was any objection. Defense counsel stated that there was none. When the jury returned, the trial court gave the instruction. Defense counsel did not voice an objection, ask for additional instructions, or renew his motion for a mistrial after

the instruction was given. "Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit." (Citation and punctuation omitted.) *Chambers v. State*, 216 Ga. App. 361, 363 (2) (454 SE2d 567) (1995). Defense counsel's inaction after the instruction was given constitutes a waiver. Id.; see *Sing v. State*, 217 Ga. App. 591, 593 (2) (458 SE2d 493) (1995).

2. Coates argues that the trial court erred in not granting a mistrial when, before the victim testified and identified Coates in court, another witness for the State allegedly took the victim to a courtroom window and pointed Coates out to the victim. The trial transcript does not show that any such event occurred. Even assuming this did happen, however, the issue raised is not reviewable. There is no indication in the trial transcript that counsel moved for a mistrial, that he called the matter to the court's attention, or that the court ruled on such an issue. In Coates' motion for new trial, defense counsel testified that he raised the issue with the trial court when court was not in session, just as the judge was leaving the bench. According to defense counsel, the trial court was not convinced that the incident occurred as alleged or that Coates was harmed by whatever happened. Counsel did not indicate in the new trial hearing that he requested recordation of the alleged conference held when the court was not in session. Moreover, he stated "I don't recall looking at the court reporter to see if her fingers were moving." The subject conference was not recorded, so a review of what transpired is not possible. *McGraw v. State*, 199 Ga. App. 389, 396 (17) (405 SE2d 53) (1991). Counsel's testimony at the motion for new trial hearing as to what happened in a conference held during trial is not a sufficient substitute for a transcript. "Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). When this is not done, there is nothing for the appellate court to review." (Citations and punctuation omitted.) *Meier v. State*, 190 Ga. App. 625 (1) (379 SE2d 588) (1989); see *Mantooth v. State*, 197 Ga. App. 797, 799 (3) (399 SE2d 505) (1990). Further, any issues raised in Coates' brief that were not included within the enumerations of error cannot be considered. Id.

3. Coates' third enumeration of error is not supported in his brief by any argument or citation of authority and is therefore deemed abandoned. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 25, 1996.

*Barry E. Billington*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Kirby Clements, Jr., Assistant District Attorneys*, for appellee.