DECIDED NOVEMBER 4, 1997.

*Stanley E. Kreimer, Jr.*, for appellant.
*King & Spalding, Mark M. Maloney*, for appellee.

## A97A1824. McNEIL v. THE STATE.
### (493 SE2d 570)

RUFFIN, Judge.

A jury found James C. McNeil guilty of driving under the influence of alcohol and failure to maintain lane. McNeil appeals, challenging the trial court's decision to sequester his expert during the presentation of the State's case. For reasons which follow, we affirm.

"The trial court is vested with broad discretionary powers in enforcement of the sequestration rule, which will not be controlled absent abuse of discretion. [Cit.]" *Lassiter v. State*, 175 Ga. App. 338, 340 (5) (333 SE2d 412) (1985). We therefore review the record to determine if that abuse was committed. The record shows that prior to presenting its evidence at trial the State asked to "invoke the rule," and to sequester McNeil's only witness, an expert on the subject of field sobriety evaluations. McNeil responded, alleging that the arresting officer's testimony would be the basis for his expert's opinion. McNeil argued that an expert may hear the testimony that will be the basis for his opinion and that "the defense would be greatly prejudiced by not allowing [its] expert to sit in court and to hear the [arresting officer's] testimony." In support of his argument, McNeil cited *Greenway v. State*, 207 Ga. App. 511, 514 (4) (428 SE2d 415) (1993) (affirming trial court's ruling that forced defendant to choose between having his expert assist during trial or be sequestered before testifying). The judge questioned McNeil's counsel to determine how the defense would be prejudiced if the court enforced the sequestration rule. During that questioning, the judge learned that McNeil's expert had already reviewed a motions hearing transcript containing the arresting officer's testimony. In addition, the judge considered the *Greenway* case and discussed that case's holding with McNeil's counsel. The judge then sequestered McNeil's expert.

On appeal, McNeil claims that the trial court abused its discretion when it did so. McNeil argues that the trial court could not exclude his expert from the courtroom because Georgia's sequestration statute, OCGA § 24-9-61, provides only that "either party shall have the right to have the witnesses of the *other party* examined out of the hearing of *each other*." (Emphasis supplied.) He contends that his expert would only be present during the State's case, so no violation of the sequestration statute would occur because based on this

Court's interpretation of OCGA § 24-9-61, "no violation of the statute occurs [when] a witness hears the testimony of the witnesses of the opposing party. [Cit.]" *Greenway*, supra at 514.

McNeil is correct that "[a]s a matter of right a party can invoke the 'rule' only as to the witnesses of the opposite party. However, the court in the exercise of its sound discretion as an inherent power to administer justice may apply the rule to all witnesses of all parties from either direct or indirect communication to preserve the integrity of testimony." (Citations omitted.) *Gray v. State*, 222 Ga. App. 626, 631 (2) (476 SE2d 12) (1996). We have previously approved the long-standing practice of the trial courts, which, when asked, have required *all* witnesses to leave the courtroom and remain outside until they are called to testify. *Rooks v. State*, 65 Ga. 330, 331 (1880). See also *Gray*, supra at 631. Furthermore, the trial court, in its broad discretion, may permit or deny a witness to remain in the courtroom to assist counsel, even if OCGA § 24-9-61 does not require the court to sequester the witness. *Gray*, supra at 631. Accord *Greenway*, supra at 514. Thus, "[e]ven when an expert witness would be assisted by hearing the testimony of preceding witnesses instead of answering a hypothetical question and could assist counsel in conducting the cross-examination, the grant or denial of such exemption lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Gray*, supra at 631.

In this case, the judge heard McNeil's arguments and evaluated the appropriate legal principles before deciding to sequester the expert. While it is permissible to allow an expert to remain unsequestered in the circumstances of this case, we cannot say that the trial judge abused his discretion by requiring the expert to be sequestered. Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 4, 1997.

*Glaze & Glaze, Amy K. Waggoner*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor*, for appellee.