## A98A1240. BILLUPS v. THE STATE.
### (507 SE2d 837)

BEASLEY, Judge.

Billups appeals his conviction for possessing a firearm as a convicted felon (OCGA § 16-11-131) and carrying a concealed weapon

(OCGA § 16-11-126). He contends the court erred in allowing evidence of a similar transaction, in denying his request for a mistrial prompted by the prosecutor arguing facts not in evidence, and in allowing the prosecutor to misstate the burden of proof during closing argument by not sustaining Billups' objection. His motion for new trial, as amended, was denied.

Construing the facts in favor of the jury's verdict, a mall security guard saw Billups in a loud dispute with a group of men, approached the group, and asked its members to disperse. An unidentified person told the guard Billups had a weapon. The guard asked a police officer for help and the pair found and confronted Billups, who volunteered that he had a weapon. The officer took the pistol and arrested him. Billups had a prior felony conviction at age 17, three years earlier, for possessing a weapon made out of a toothbrush while he was in a juvenile detention facility. (This was in evidence but is not the incident challenged on appeal.)

At trial, Billups acknowledged having the gun at the mall. His defense was that he found it in the mall restroom and, afraid children who were present would find it, put the gun in his pocket. He testified that he looked for a certain security guard he knew because he was afraid other guards would give him trouble. Not finding his acquaintance, he met his girlfriend, got into a verbal conflict with a group of teenagers, and left the area. Although he characterized his encounter with the officer and guard as an attempt to turn in the pistol, he did not tell them he had found it or otherwise explain his possession of it.

1. Before trial the judge heard argument on the State's plan to present similar transaction evidence. The State offered evidence of an incident which occurred five months before the instant one where Billups took his own rifle, walked up a street, and shot at a house and four people including two children age two and twelve. Billups was a convicted felon at the time, due to the possession of a toothbrush made into a shank. The State offered the evidence to show course of conduct, intent, and motive. The court found the evidence probative of these factors and ruled it admissible. Billups timely objected to the ruling. On appeal he urges that the earlier incident was not sufficiently similar to warrant admission in this case.

Appellate courts uphold trial courts' decisions to admit evidence unless clearly erroneous.[1] It is error to allow similar transaction evidence solely "to show a probability that the defendant committed the crime . . . because he is a man of criminal character," but a court may permit such evidence to show factors such as the ones desig-

---

[1] See *Abrams v. State*, 229 Ga. App. 152, 153 (1) (493 SE2d 561) (1997).

nated here if they are at issue.[2]

Billups conceded he had the pistol. The only dispute was whether he could be excused for having it by a legal justification.[3] The event with the rifle tends to show that Billups is inclined to possess a weapon in a public place intentionally despite the law prohibiting him, in his status as a convicted felon, from having one. The two events are sufficiently similar and close in time so as to show Billups' course of conduct, that it was not exceptional for him to carry a weapon in the first place and to flaunt the law forbidding it in the second place. As to intent, only general criminal intent was required of both crimes charged, so the prior incident was not needed to prove that point. But it did tend to show that what incited him to possess the pistol and to carry it concealed, i.e., his motive, that which prompted or influenced him to do so, was not innocent. The prior incident, when there was no excuse to have the rifle, undercut the defense that Billups would not possess a weapon and had only a valid emergency reason for having one on the instant occasion. The court did not commit reversible error in allowing the jury to consider the rifle possession for the limited purposes stated.

Proof of prior similar instances of unlawful behavior is potentially prejudicial and thus is carefully circumscribed by procedural and substantive safeguards which must be scrupulously maintained.[4] Although the State is not permitted to introduce evidence of defendant's general reputation for bad character "unless and until the defendant shall have first put his character in issue,"[5] which will be done by defendant during the presentation of the defendant's evidence unless it is done during defendant's cross-examination of a State witness, evidence of specific prior instances of similar criminal conduct is admissible in the State's case-in-chief to substantiate the State's theory and supply proof of an element.[6] But the State must be cautious in introducing such evidence in its case-in-chief lest it merely anticipate a defense which does not materialize. If that hap-

---

[2] (Citation and punctuation omitted.) *Walraven v. State*, 250 Ga. 401, 407 (4) (b) (297 SE2d 278) (1982) aff'd 255 Ga. 276 (336 SE2d 798) (1985); see also *Williams v. State*, 261 Ga. 640, 641 (2) (a) (409 SE2d 649) (1991); *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989); *Smith v. State*, 232 Ga. App. 290 (501 SE2d 523) (1998).

[3] Justification may be a defense to the charges Billups faced. See *Waugh v. State*, 218 Ga. App. 301, 303 (3) (460 SE2d 871) (1995); *Little v. State*, 195 Ga. App. 130 (392 SE2d 896) (1990) (non-precedential, standing alone).

[4] See Uniform Superior Court Rule 31.3; *Stephens v. State*, 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991); *Williams v. State*, 261 Ga. 640, 641-643 (2) (409 SE2d 649) (1991); *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952).

[5] OCGA § 24-9-20 (b). But see *Barfield v. State*, 89 Ga. App. 204, 205 (79 SE2d 68) (1953), where the court connects the prohibited reputation evidence with the *Bacon* similar transaction evidence.

[6] *Ledford v. State*, 202 Ga. App. 694, 696 (1) (415 SE2d 693) (1992).

pens, the prior similar instance will have served no justifiable purpose because the State need not disprove a defense not presented, and the admission of the otherwise prejudicial evidence can constitute reversible error. There must be a need for it in the case-in-chief in order for it to serve an "appropriate purpose."[7]

In *Hosch v. State*[8] evidence relevant to a "possible defense" was permitted in the case-in-chief but the defendant did thereafter testify and present that defense. In this case again, Billups did testify and offer what he deemed a justification for his possession of the pistol. Without that, it is questionable whether evidence of the rifle incident would have served an appropriate purpose.

Billups did not offer his excuse to the officers on the scene, so there was no testimony to that effect which had to be countered by the State during its case-in-chief. In order to prove both crimes charged, the State merely had the burden to prove that Billups intended to possess the weapon, intended to carry it concealed, and was a convicted felon. Aside from the latter element, which was proved other than by the rifle incident, the first two elements were obvious from the unquestioned fact that Billups had the gun in his pocket in the public shopping mall and indicated no surprise at its being there and no legitimate reason for its being there when it was revealed to the police. In fact, it was Billups himself who told the officers who confronted him that he knew what they wanted and, when asked what he meant, said "well, I'm carrying a weapon." After agreeing to a search of his person, he told the officers which pocket the gun was in and which pocket the loaded magazine was in. Sure enough, there they were.

In this scenario, proof of the rifle event was not needed[9] and thus did not serve an appropriate or proper purpose but for the defense, which came later in the presentation of the evidence. Absent that defense, the rifle event would have constituted cumulative evidence of intent, thus not being needed and for that reason not legitimized by a proper purpose. And no comfort can be taken by the State from the practice to regard erroneously admitted cumulative evidence as harmless error,[10] because overriding that idea is the realistic recognition that "evidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising, as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on

---

[7] *Williams*, supra at 642.

[8] 246 Ga. 417, 419 (1) (271 SE2d 817) (1980).

[9] As to the criterion of need, see *Smith v. State*, supra, 232 Ga. App. 290; *Phillips v. State*, 215 Ga. App. 526, 527 (4) (451 SE2d 517) (1994).

[10] *Faircloth v. State*, 253 Ga. 67, 69 (3) (316 SE2d 457) (1984).

another occasion and thereby putting the accused's character in issue."[11] Caution to avoid reversible error would have strongly counseled withholding it until the rebuttal, and then only if the occasion warranted it.

2. After the court decided to allow the similar transaction evidence, the prosecutor and defense attorney discussed how much detail about the earlier incident would be introduced. All but the jury were fully aware Billups shot the rifle. The parties agreed that only possession and not the use of the rifle would be introduced. (Defendant, of course, preserved his objection to all of it.) No evidence of shooting was presented to the jury, but during closing argument, the prosecutor warned the jury that the defense would characterize Billups as a "sweet, wonderful man . . . helping children at church even though he's carrying a gun and firing it."

Billups objected, moved for a mistrial, and asked the court to tell the jury that the evidence did not show he fired the rifle. In response the court told the jury, "the closing arguments from the lawyers [are] a summation of what they think the evidence showed or the witnesses testified to. You as jurors heard the witnesses testify. You are the finders of fact. You will determine what the evidence was and what the evidence was not. You will determine what the witnesses testified to, and what they didn't testify to. As I told you from the start, the evidence comes from the witnesses testifying on the witness stand and what exhibits I as judge allow in evidence. What [the State] says in his opening statement, what he says in his closing statement . . . is not evidence." Defendant renewed his objection and motion, but the court refused further relief.

Billups argues that the instruction was inadequate to undo the harm created by the statement, that the statement exceeded what the court had agreed to allow about the incident and exceeded what was in evidence, and that a new trial was required.

Courts give attorneys wide latitude during closing arguments to draw deductions from the evidence, but discussing facts not in evidence is forbidden.[12] Deductions argued by the prosecutor "may be illogical, unreasonable or even absurd so long as there is evidence from which such deductions can be made."[13] No evidence supported a

---

[11] *Williams*, supra at 641. See also *Robinson v. State*, 246 Ga. 469, 470 (2) (271 SE2d 786) (1980): "It has long been the rule in Georgia that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial."

[12] See *Bell v. State*, 263 Ga. 776, 777 (439 SE2d 480) (1994); *Conner v. State*, 251 Ga. 113, 122 (6) (303 SE2d 266) (1983); *Walker v. State*, 232 Ga. 33, 36 (205 SE2d 260) (1974); see also *Coleman v. State*, 189 Ga. App. 366, 367 (4) (375 SE2d 663) (1988).

[13] (Citation and punctuation omitted.) *Clark v. State*, 146 Ga. App. 697-698 (3) (247 SE2d 221) (1978); see also *Garcia v. State*, 267 Ga. 257 (8) (477 SE2d 112) (1996).

deduction that Billups fired the rifle.

When improper comments are made which are not in evidence, "it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds," or in its discretion, order a mistrial.[14] "[A] new trial will not be granted unless it is clear that the action taken did not eliminate the statement from the jury's consideration. [Cit.]"[15]

The court's instruction did not fail to eliminate confusion or misapprehension about the prosecutor's statement, and mistrial was not required to preserve a fair trial. The court should have rebuked the prosecutor and told the jury to disregard the challenged statement.[16] But even so, the instruction cautioned the jury to depend exclusively on evidence, not lawyers' statements, for facts.[17] A mistrial was not required as a matter of law.[18]

3. During closing argument the prosecutor described the standard the jury should apply by stating, "[J]urors will say . . . we thought he was guilty, but we didn't think you had enough evidence. That's not what the law is. The law is if you think he's guilty, he's guilty." Billups objected and asked the court to admonish the prosecutor. The court reminded the jury that "the closing argument is not evidence. It's a summation of what the lawyers feel the case is about. You will get your law from me, and you are bound by the law I charge you on." The defense requested no further relief.

Billups waived his right to appeal adequacy of the court's corrective efforts by failing to object after the curative instruction. "Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit."[19]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

---

[14] OCGA § 17-8-75.

[15] *Brown v. State*, 264 Ga. 48, 49 (2) (441 SE2d 235) (1994); *Pemberton v. State*, 220 Ga. App. 253, 255 (469 SE2d 233) (1996) (" 'unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with.' ").

[16] OCGA § 17-8-75; *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869) (1976).

[17] Compare *Sterling v. State*, 267 Ga. 209, 210 (2) (477 SE2d 807) (1996) (given trial court's ruling that argument was improper and instructing jury to disregard statement, denial of mistrial not reversible error).

[18] Compare *Mazo v. State*, 224 Ga. App. 744, 745-746 (1) (481 SE2d 831) (1997) (new trial required because of harmful effect of the prejudicial matter).

[19] (Citation and punctuation omitted.) *Chambers v. State*, 216 Ga. App. 361, 363 (2) (454 SE2d 567) (1995); *Coates v. State*, 222 Ga. App. 888, 889 (1) (476 SE2d 650) (1996); *Tharpe v. State*, 207 Ga. App. 900, 901 (5) (429 SE2d 342) (1993).

DECIDED OCTOBER 7, 1998 —
RECONSIDERATION DENIED OCTOBER 22, 1998 —

*Pete, Pete & Associates, Anthony T. Pete,* for appellant.
*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney,* for appellee.