**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 17, 2013**

# In the Court of Appeals of Georgia

A13A0264. PUCKETT v. THE STATE.

RAY, Judge.

Following a jury trial, Shannon Puckett was convicted on two counts of driving under the influence (OCGA § 40-6-391 (a) (1) (less safe) and (5) (alcohol concentration .08 or more) and one count of speeding (OCGA § 40-6-181). Puckett appeals from her convictions, challenging the trial court's decision to sequester her expert witness during the presentation of the State's case. For the reasons which follow, we affirm.

Under OCGA § 24-9-61,[1] either party has the right to have the witnesses of the other party examined out of the hearing of each other. This statute, known as the rule

---

[1] This Code section, which was in effect at the time of trial, has been repealed by Laws 2011, Act 52, § 2, effective January 1, 2013.

of sequestration, has been broadly applied by trial courts to exclude all witnesses from hearing the testimony of any other witnesses, and this practice has been expressly approved by this Court. See *Axelburg v. State*, 294 Ga. App. 612, 619 (3) (669 SE2d 439 ) (2008); *Gray v. State*, 222 Ga. App. 626, 631 (2) (476 SE2d 12) (1996). And "[t]he trial court is vested with broad discretionary powers in enforcement of the sequestration rule, which will not be controlled absent abuse of discretion." (Citation omitted.) *Lassiter v. State*, 175 Ga. App. 338, 340 (5) (333 SE2d 412) (1985). We therefore review the record to determine if that abuse was committed.

This case stems from a traffic stop of a vehicle driven by Puckett on January 28, 2010. Based on the officer's observations at the time of the stop, the officer suspected that Puckett was driving under the influence of alcohol, and a DUI Task Force officer was summoned to complete the investigation.

Officer Joshua Ferguson, a DUI Task Force officer trained in the administration of standardized field sobriety testing, arrived at the scene and performed a series of field sobriety tests on Puckett, which included the horizontal gaze nystagmus ("HGN") test, the walk-and-turn test, and the one-leg-stand test. The results of each of these tests indicated impairment. Although a video camera mounted

inside the officer's patrol car recorded most of the field sobriety evaluations, Officer Ferguson's administration of the HGN test was performed outside the view of the camera. Based on the results of the field sobriety testing and both officers' observations of Puckett at the scene, Puckett was placed under arrest and charged with driving under the influence of alcohol.

Prior to trial, Puckett filed a motion to suppress which challenged, inter alia, Officer Ferguson's failure to administer properly the HGN test. After an evidentiary hearing in which Officer Ferguson testified, the trial court denied the motion.

On the first day of trial, the State called Officer Ferguson as a witness and had him testify as to his training and experience in conducting standardized field sobriety tests, including the HGN test. Officer Ferguson testified as to how to conduct the HGN test and what clues to look for to indicate impairment. Officer Ferguson further testified that Puckett exhibited all of the clues to indicate impairment under the HGN test.

On the second day of trial, Puckett's counsel brought a defense witness, Tony Corroto, into the courtroom to observe the continuation of Officer Ferguson's testimony, and the State requested that the rule of sequestration be invoked. In response, Puckett's counsel stated that she planned to call Corroto later as an expert

on the subject of field sobriety evaluations, and she requested that Corroto be permitted to stay in the courtroom to assist in the defense and to observe Officer Ferguson's testimony regarding the administration of the HGN test because such information was not recorded on the video of the traffic stop. The trial court denied Puckett's request and applied the rule of sequestration equally to both parties. During the cross-examination of Officer Ferguson, Puckett twice renewed her request that Corroto be permitted in the courtroom so that he could observe Officer Ferguson demonstrate his method of administering the HGN test. The State objected, arguing that Puckett's expert could offer his opinion as to Officer Ferguson's administration of the HGN test in the context of hypothetical questioning from counsel. After acknowledging that Puckett's counsel had the benefit of Officer Ferguson's prior testimony regarding the administration of the HGN test from the hearing on the motion to suppress, the trial court denied counsel's renewed requests and maintained its earlier decision to apply the rule of sequestration equally to both parties. Ultimately, Puckett's counsel had Officer Ferguson demonstrate to the jury how he administered the HGN test without Corroto present in the courtroom, and counsel later elicited testimony from Corroto on the proper method of administering the HGN test and the factors that could affect its reliability.

On appeal, Puckett claims that the trial court abused its discretion when it excluded Corroto from the courtroom during Officer Ferguson's testimony, thereby violating Puckett's right to a fair trial. Puckett argues that she was unable to mount a full and complete defense because Corroto was unable to provide testimony to appraise, critique, or refute Officer Ferguson's method of administering the HGN test. We disagree.

It is undisputed that Corroto did not observe the actual HGN test that was administered to Puckett at the scene of the traffic stop. Thus, any opinion he could have properly formed with regard to Officer Ferguson's method of administering the HGN test would have to have been based on Officer's Ferguson's testimony or on hypothetical questions posed by counsel. See *Chambers v. State*, 216 Ga. App. 361, 364 (4) (454 SE2d 567) (1995). (When facts at issue were not personally observed by expert witness, the expert's opinion must be based on hypothetical questions.)

> Even when an expert witness would be assisted by hearing the testimony of preceding witnesses instead of answering a hypothetical question and could assist counsel in conducting the cross-examination, the grant or denial of such exemption [from the rule of sequestration] lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion.

5

(Citations omitted.) *Gray*, supra.

Here, the trial court noted that Puckett had previously challenged Officer Ferguson's method of administering the HGN test in a motion to suppress and had the benefit of his testimony prior to trial. Furthermore, nothing prevented Puckett's counsel from using the facts obtained from Officer Ferguson's in-court demonstration of the HGN test at trial to pose hypothetical questions to Corroto for the purpose of challenging Officer Ferguson's method of administering the HGN test. Moreover, Puckett elicited testimony from Corroto on the proper method of administering the HGN test and how the reliability of the results can be compromised if the test is not conducted properly, which the jury could consider in comparison to Officer Ferguson's in-court demonstration.

For the above reasons, we find that the witness sequestration did not prevent Puckett from challenging Officer Ferguson's method of administering the HGN test. While we note that the trial court could have allowed Puckett's expert witness to remain unsequestered under the circumstances of this case, we cannot say that the trial court abused its discretion in requiring the expert to be sequestered. *McNeil v. State*, 229 Ga. App. 149 (493 SE2d 570) (1997); *Heath v. State*, 223 Ga. App. 680,

6

681-682 (2) (478 SE2d 462) (1996). Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*